**BANKS TOWER COMMUNICATIONS, LTD.**

v.

**The HOME INSURANCE COMPANY**

v.

**CITY OF PHILADELPHIA.**

**Civ. A. No. 84–0085.**

United States District Court,
E.D. Pennsylvania.

July 30, 1984.

Daniel E. Farmer, Philadelphia, Pa., for plaintiff.

Richard W. Hopkins, Philadelphia, Pa., for The Home Ins. Co.

Tyler E. Wren, Divisional Deputy City Sol. for the Environment, Philadelphia, Pa., for The City of Philadelphia.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This suit began as one between an insured and its insurance company. The insurance company subsequently filed a third-party complaint against the City of Philadelphia seeking "contribution and/or indemnity" for the City's alleged negligence in causing plaintiff's injury. Presently before the court is the City's motion to dismiss the third-party complaint. Since matters outside the pleadings have been considered, the motion shall be treated as one for summary judgment. As such, the motion will be granted in part and denied in part.

Plaintiff, Banks Tower Communications, Ltd., owns a television and radio transmitting tower in Roxborough, Pennsylvania, adjacent to the City of Philadelphia's municipal trash facility. Plaintiff sued defendant, The Home Insurance Company, after defendant refused to pay a claim for repair and replacement of certain of the tower's guy cables. The cables allegedly suffered erosion due to emission of corrosive chemicals from the City's incinerator. Damage to the tower itself allegedly occurred as well. Home Insurance, while denying liability, joined the City as a third-party defendant on the ground that if it was liable to plaintiff, then it was entitled to contribution or indemnity from the City due to the City's negligence in causing plaintiff's loss. The City moved to dismiss the third-party complaint against it on the grounds of lack of subject matter jurisdiction and failure to state a claim for which relief can be granted. The court will address these issues in order.

*Subject Matter Jurisdiction*

Jurisdiction of the complaint filed by plaintiff, Banks Tower, against defendant, Home Insurance, is based on diversity of citizenship. Plaintiff is a Pennsylvania corporation with its principal place of business in Bala Cynwyd, Pa., while defendant is a New Hampshire corporation with its principal place of business in New York City, New York. The third-party defendant City is, of course, also a Pennsylvania corporation.

In moving to dismiss the third-party complaint for lack of subject matter jurisdiction the City argues that because plaintiff could not have directly sued the City, since diversity of citizenship would be lacking, defend-

ant Home Insurance as a third-party plaintiff also cannot sue the City. The City contends that for the purpose of the third-party claim in which defendant and third-party plaintiff Home Insurance is suing in the capacity of a subrogee, defendant's citizenship is irrelevant and the court must look to the citizenship of plaintiff, the subrogor, in assessing diversity as between defendant and the City.

In making this argument the City ignores the well known jurisdictional rule that diversity of citizenship is not required between a third-party plaintiff and a third-party defendant even though the jurisdiction of the main claim is based on diversity. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). That the third-party plaintiff is suing as a subrogee is immaterial. The City's motion to dismiss for lack of jurisdiction must be denied.

### Availability of Legal Relief

In the words of the third-party complaint, Home Insurance is seeking "indemnity or contribution" from the City in the event that Home Insurance is found liable on the claim of the plaintiff. Moving to dismiss, the City argues that under Pennsylvania law neither indemnity nor contribution are available to Home Insurance. Citing *Globe Indemnity Company v. Agway,* 456 F.2d 472 (3d Cir.1972), the City correctly points out that in Pennsylvania, contribution is authorized only among joint tortfeasors, while indemnity is recognized only between parties who are either primarily and secondarily liable to each other, or who have an express contract which provides for it. The City reasons that since it is not a joint tortfeasor or a potential joint tortfeasor with Home Insurance, Home Insurance cannot make out a claim for contribution. Similarly, since there is no contract of indemnity between the City and Home Insurance, and since primary and secondary liability principles do not apply between an insurer and an unrelated third-party tortfeasor, Home Insurance cannot make out a claim for indemnity.

While this may be so, it is clear to the court that Home Insurance's intended theory of recovery on the third-party complaint is subrogation, not indemnity or contribution. As Home Insurance explains in its memorandum in opposition to the City's motion, it "has joined the defendant City ... on the grounds if it is liable that it is *subrogated* to any rights which the plaintiff may have against the third-party defendant [City] *and ... the City is bound to indemnify or contribute* to any loss suffered by it ... [Home Insurance] in the initial action." (emphasis added).

It is well established that subrogation is different from either indemnity or contribution. Under the doctrine of subrogation an insurer which pays on a claim of its insured assumes any rights which the insured would have against any other person responsible for the loss. The insurer's right to subrogation is exclusively derivative—it depends on the claim of the insured and is subject to whatever defenses the tortfeasor has against the insured. *Great American Insurance Co. v. United States,* 575 F.2d 1031, 1034 (2d Cir.1978). While the principle of indemnity underlies subrogation, actions based on subrogation are separate and independent from those based on indemnity. *See Great American Insurance Co.,* 575 F.2d at 1034 (discussing differences between indemnity and subrogation). Thus, whether a party can make out a claim for indemnity is irrelevant in determining whether that party has a right to subrogation.

Actions based on contribution are also separate and independent from those based on indemnity. Contribution is the right enjoyed by a joint tortfeasor, who has paid more than his proper share of the joint liability, to force the others to reimburse him to the extent of their liability. This is entirely different from subrogation which puts a party in a position to exercise the rights and remedies formerly enjoyed by another who no longer has any use for them due to the actions of the party seeking subrogation. 35 P.L.E. 245 (1961). Again, whether a party can make out a

claim for contribution is irrelevant in determining whether that party has a right to subrogation.

 Despite the differences among indemnity, contribution, and subrogation, the court cannot accept the City's claim that Home Insurance's third-party complaint must be dismissed because it does not expressly use the term "subrogation." As the Second Circuit in *Great American* pointed out:

> By the subrogation of the insurer is meant the substitution of the insurer in place of the insured *for the purpose of claiming indemnity* from a third person for the loss covered by insurance.

*Great American Insurance Co.*, 575 F.2d at 1034 (emphasis added). Given the liberal standard of pleadings in federal practice, and considering that it is now clear that Home Insurance's third-party claim is based on a theory of subrogation despite the complaint's use of the term "indemnity," it would be a useless formality to require Home Insurance to file an amended complaint. The City's motion for summary judgment on this ground will therefore be denied.

The City makes an alternative argument, however, which requires additional discussion. This argument focuses on a release provision included in a lease between plaintiff and the City for a small plot of ground located inside and completely surrounded by the City's property. Plaintiff uses this plot as a base to anchor the guy cables supporting its tower. Included in the lease for the plot is an aerial "easement" for the cables as they extend from the leased plot, over the City's property, to plaintiff's property line. The release provision of this lease states that:

> Lessee [plaintiff] agrees to be responsible for and to relieve and hereby relieves the Lessor [City] from all liability by reason of any injury or damage to any person or property in the demised premises, or arising from the use of the demised premises, whether belonging to the Lessee [plaintiff] or any other person, caused by fire, breakage, destruc-

tion, leakage or any other casualty in any part or portion of the demised premises, or any part or portion of the improvements in the demised premises, or from water, rain or snow that may leak into, issue or flow from any part of the said premises whether such fire, breakage, destruction, leakage or other casualty, injury or damage be caused by or result from the negligence of Lessor [City] or his servants or agents or any person or persons whatsoever.

The City argues that this release relieves it from liability for any damage to plaintiff's cables occurring within either the leased plot or the aerial easement portions of the lease. The City's argument is based on the previously mentioned rule that an insurance company subrogee stands in the shoes of its insured and takes any claim against a third-party subject to the same defenses that third-party could assert against the insured. Application of this rule dictates that insofar as plaintiff released the City from liability for the damages in question, that release bars plaintiff's insurance company from claiming against the City for those same damages. The City thus requests partial summary judgment on Home Insurance's third-party claim to the extent that it concerns damages covered by the release. Evaluation of the City's request requires assessment of both the validity and the scope of the release, in that order.

In *Employers Liab. Assur. Corp. v. Greenville Business Men's Assoc.*, 423 Pa. 288, 291–92, 224 A.2d 620, 622–23 (1966), the Pennsylvania Supreme Court held that an exculpatory clause is valid if it meets the following test:

> (a) "it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or state ..."; (b) "the contract is between persons relating entirely to their own private affairs"; (c) "each party is a free bargaining agent" and the clause is not in effect "a mere contract of adhesion...."

*Employers Liab. Assur. Corp.*, 224 A.2d at 622–23 (citations omitted).

■ Home Insurance contends that the present release is unenforceable because its inclusion in the lease between plaintiff and the City amounted to a contract of adhesion in violation of the third part of the *Employers Liability* test. Home Insurance fails to offer any proof of this, however, and the circumstances fail to support even an inference of adhesion. First, the lessee plaintiff is a business entity, not a private individual. Second, and of greater significance, the exculpatory clause was not part of the initial lease but was added in an amendment several years later. In fact, it forms a substantial part of the amendment. Clearly, this clause was brought to the lessee's attention and thus, within the law's contemplation, the parties bargained for it. Home Insurance's contention that the release is invalid as a contract of adhesion is accordingly without merit.

■ The viability of Home Insurance's third-party claim thus depends upon the scope of the release. Home Insurance cannot pursue its subrogation claim against the City for any damage covered by its terms. Focusing on the pertinent language, the release provides that the City is relieved "from all liability by reason of any injury or damage to any ... property in the demised premises ... belonging to the Lessee ... whether such ... injury or damage be caused by or result from the negligence of Lessor or his servants or agents...." It is therefore clear that plaintiff agreed to relieve the City from the type of damage at issue here, corrosion to plaintiff's guy cables allegedly caused by fumes emanating from the City's incinerator, to the extent that the damage occurred "in the demised premises."

The court specifically invited both Home Insurance and the City to address the question whether the damage to plaintiff's cable occurred to portions of the cable which were on or over City property. In response, Home Insurance submitted that "it has not been determined by the plaintiff at this time whether or not the damaged portion of the guys is on the leased portion of the premises...." The City, on the other hand, submitted an affidavit of Michael Mara, a City employee working as a Mechanical Engineer II with the Department of Streets. Mara stated that he observed the damaged guy cables both in place and when they were lowered to the ground during their replacement. According to Mara, the area of the cables with the kind of damage which would have required replacement was entirely over City property. Since Home Insurance has failed to offer any proof to the contrary, despite the court's express request that it address this point, there is no genuine issue of material fact regarding the location of the damage to plaintiff's cable. Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). Home Insurance cannot create an issue of fact by claiming that its view of the facts has not yet been determined.

The court finds, based on the present record, that the damage to plaintiff's cable is entirely within the aerial easement portion of the lease. As such, it is covered by the release provision in the lease and the City is entitled to judgment in its favor on any claim relating to this cable damage.