543 A.2d 1100

George S. FULMER, and Eva Fulmer his wife, Appellants,

v.

DUQUESNE LIGHT COMPANY, a corporation, Appellee,

v.

RUST CHIMNEY, INCORPORATED, a subsidiary of Union Boiler Company, Appellee.

George S. FULMER and Eva Fulmer, his wife, Appellees,

v.

DUQUESNE LIGHT COMPANY, a corporation,

v.

RUST CHIMNEY, INCORPORATED, a subsidiary of Union Boiler Company, Appellant.

George S. FULMER and Eva Fulmer, his wife, Appellees,

v.

DUQUESNE LIGHT COMPANY, a corporation, Appellee,

v.

RUST CHIMNEY, INC., Appellant.

Superior Court of Pennsylvania.

Argued May 14, 1987.

Filed May 5, 1988.

Reargument Denied July 6, 1988.

538

John F. Becker, Pittsburgh, for George and Eva Fulmer.

Kathy K. Condo Caritis, Pittsburgh, for Duquesne Light.

Avrum Levicoff, Pittsburgh, for Rust Chimney.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

George Fulmer was an employee of Rust Chimney. He fell and was seriously injured while working inside a smokestack at the Elrama Power Station, which was owned and operated by Duquesne Light Company. Fulmer filed an action against Duquesne Light to recover for his injuries. Duquesne Light caused Rust Chimney to be joined as an additional defendant. The basis for such joinder was an express agreement by Rust Chimney to indemnify Duquesne Light for injuries occurring to employees of Rust Chimney while they worked on the premises of Duquesne Light. The only exception, according to the agreement, was in a case where the injuries to an employee were caused by the sole negligence of Duquesne Light. At trial, the court instructed the jury to apportion negligence among all the parties, including plaintiff's employer, Rust Chimney. The jury found that (1) Fulmer's causal negligence was twenty (20%) percent, (2) Duquesne Light's causal negligence was twenty (20%) percent, and (3) Rust Chimney's causal negligence was sixty (60%) percent. The jury determined Ful-

mer's damages to be $112,549.90 and awarded his wife the sum of $20,000.00 for loss of consortium. The trial court molded the verdict and recorded it against Duquesne Light in the amount of $90,039.92 for Fulmer and in the amount of $16,000.00 for his wife, with indemnification to be made by Rust Chimney to Duquesne Light. Post-trial motions were denied, delay damages were added, and judgments were entered. The trial court also directed that Rust Chimney pay seventy-five (75%) percent of Duquesne Light's counsel fees. Fulmer and Rust Chimney have appealed; they contend that a new trial is necessary. Fulmer also complains about the award of delay damages, and Rust Chimney complains about the order directing the payment of counsel fees to Duquesne Light.

The principal argument made by Fulmer is that the trial court erred when it instructed the jury to include Rust Chimney, the employer, in the jury's apportionment of causal negligence in the action brought by Fulmer against Duquesne Light. We agree with Fulmer that this was improper and that a new trial, therefore, is necessary.

 It is beyond cavil in this Commonwealth that an employer may not be joined as an additional defendant in an action by an injured employee against a third party tortfeasor on grounds that he is liable to his employee on the cause of action alleged or on grounds that he is jointly or severally liable with the defendant thereon. The rule bars the joinder of an employer for the purpose of apportioning negligence. See: *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983). See also: *Hall v. Goodman Co.*, 310 Pa.Super. 465, 456 A.2d 1029 (1983); *William Harter and Cleaver Brooks v. Yeagley*, 310 Pa.Super. 449, 456 A.2d 1021 (1983); *Kelly v. Carborundum Co.*, 307 Pa.Super. 361, 453 A.2d 624 (1982), *aff'd*, 504 Pa. 238, 470 A.2d 969 (1984). This result is mandated by section 303 of the Pennsylvania Workmen's Compensation Act which provides:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such

employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death. . . .

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

Act of June 2, 1915, P.L. 736, art. III, § 303 as amended by the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. § 481. By virtue of this section, an employer may not be held liable to his employee in a common-law tort action and may not be found jointly liable with a third party tortfeasor. Where liability for indemnification or contribution to the third party tortfeasor is provided by contract, however, the employer may become liable to the third party on a cause of action based on contract. In such event, the third party tortfeasor may cause the employer to be joined as an additional defendant in the employee's third party action under Pa.R.C.P. 2252(a).[1] *Szemanski v. Vulcan Materials*

---

1. This rule provides:
 **Rule 2252. Right to Join Additional Defendants**
 (a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

*Co.,* 272 Pa.Super. 240, 415 A.2d 92 (1979). See also: *Nechwedowich v. Great Atlantic and Pacific Tea Co., Inc.,* 300 Pa.Super. 152, 446 A.2d 275 (1982); *Gallagher v. Transport Pool, Inc.,* 281 Pa.Super. 188, 421 A.2d 1212 (1980). In reaching this conclusion the Court in *Szemanski v. Vulcan Materials Co., supra,* reasoned:

The joinder of the employer as an additional defendant in an action brought by an employee against a third party is barred by Section 303(b) of The Pennsylvania Workmen's Compensation Act, as amended by the Act of December 5, 1974, P.L. 782, No. 263, § 6, 77 P.S. 481(b). See: *Hefferin v. Stempkowski,* 247 Pa.Super. 366, 372 A.2d 869 (1977). See also: *Potts v. Dow Chemical Company,* 272 Pa.Super. 323, 415 A.2d 1220 (1979).

However, Section 303(b) of The Pennsylvania Workmen's Compensation Act, does not bar an action by the third party against the employer if "liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action."

. . . .

When Pa.R.C.P. 2252(a) is given a broad interpretation, it seems clear that defendant's cause of action against an indemnitor, although not the same cause of action alleged by the plaintiff, is related to it. Without the occurrence or transaction which brings about defendant's liability to plaintiff, there can be no obligation upon the additional defendant to indemnify defendant. Therefore, it can be said with assurance that defendant's cause of action against the additional defendant arises, at least in part, from the same occurrence upon which the plaintiff's cause of action is based.

*Id.* 272 Pa.Super. at 243–245, 415 A.2d at 93–94 (footnote omitted).

In the instant case, Rust Chimney had agreed with Duquesne Light, inter alia, as follows:

INDEMNIFICATION—To be responsible for and to protect, indemnify and save the Company harmless from and against the payment of any and all sums of money (including the actual expense of litigation) by reason of any accidents, injuries or damages to persons or property (including, but not limited to, injuries and damages to the contractor, its employees and property, and the Company, its employees and property) which may happen or occur upon or about said work, or arise by reason thereof from a cause not attributable to the sole negligence of the Company. In the event that any such accident, injury or damage should result from or be caused by the joint or concurrent negligence of the Company and the Contractor, contribution shall be enforceable between the parties; provided, however, that the failure of the Company to warn the Contractor [or] its employees or any other person of any defect in any pole or any other electric facility or pressurized steam line or any attachments thereto, whether latent or patent, and whether known to the Company or not, shall not be construed as negligence on the part of the Company.

In an attempt to give effect to this agreement to make contribution and/or indemnity, the trial court directed the jury to apportion the negligence of George Fulmer (plaintiff), Duquesne Light (defendant), and Rust Chimney (additional defendant). This was error.

The Comparative Negligence Law, at 42 Pa.C.S. § 7102(b), provides for the apportionment of damages among "all defendants against whom recovery is allowed." In the instant case, recovery is not allowed by plaintiff against Rust Chimney, for Rust Chimney was plaintiff's employer and Rust Chimney's liability to its employee is determined exclusively by the Workmen's Compensation Law.[2] When the trial court nevertheless directed the jury to include Rust Chimney in its apportionment, it violated the instruction of the Comparative Negligence Law. When it molded the verdict to require Duquesne Light to pay eighty

2. See: 77 P.S. § 481(a).

(80%) percent of plaintiff's damages, it compounded its error. By molding the verdict as it did, the trial court allowed plaintiff to recover from Duquesne Light not only for Duquesne Light's negligence but also for Rust Chimney's negligence. As we have seen, however, Rust Chimney is not a party against whom recovery can be allowed. Therefore, its negligence should not have been considered in determining Duquesne Light's liability to the plaintiff.

Fulmer contends, and we agree, that his common-law action for damages was brought against Duquesne Light alone, and he was entitled to have liability determined and damages apportioned between himself and Duquesne Light without any consideration being given to the fault of his employer. Although Duquesne Light was permitted to join Rust Chimney as an additional defendant in order to litigate, as between contracting parties, Rust Chimney's liability to Duquesne Light for indemnity or contribution, this joinder should not have been allowed to impair Fulmer's substantive claim against Duquesne Light. The trial court, by directing the jury to include Rust Chimney in its apportionment of negligence, prevented a correct determination of Fulmer's claim against Duquesne Light. This claim involved issues of negligence and contributory negligence, and the apportionment of fault was limited to the respective faults of Fulmer and Duquesne Light.

Rust Chimney's liability to indemnify or make contribution to Duquesne Light will arise only if Fulmer obtains a verdict allowing recovery against Duquesne Light. The liability for indemnification or contribution arises by contract and is separate and apart from Duquesne Light's liability, if any, to Fulmer. These potential liabilities are the subjects of separate causes of action and can readily be tried separately. In recognition that they arise from a common occurrence, however, Pa.R.C.P. 2252(a) permits the indemnitor under a contract of indemnity to be joined as an additional defendant in the third party action against the indemnitee. The rule, however, does not require such joinder; it merely permits it. When such a joinder is effected,

the substantive rights of the parties must be determined precisely as if the plaintiff's claim against the defendant and the defendant's claim against his indemnitor had been tried separately. It was in recognition of such a reality that this Court, in *Beary v. Pennsylvania Electric Company*, 322 Pa.Super. 52, 469 A.2d 176 (1983), suggested that better practice would dictate bifurcation, i.e., that evidence pertaining to the additional defendant's agreement to indemnify be deferred until after the liability of the defendant to the plaintiff has been determined. *Id.*, 322 Pa.Superior Ct. at 62, 469 A.2d at 181.

In the instant case, Fulmer requested bifurcation. The trial court denied Fulmer's motion. In view of the confusion resulting at trial as a result of the trial court's incorrect instructions regarding the apportionment of negligence, it seems clear that the refusal to bifurcate was an abuse of discretion. If the cause of action for indemnification and/or contribution had been tried after tort liability between Fulmer and Duquesne Light had been determined, this confusion and the incorrect result which it produced would have been avoided.

The trial court's misapprehension regarding the separate nature of the two causes of action also led to an incorrect judgment requiring Rust Chimney to indemnify Duquesne Light for seventy-five (75%) percent of the eighty (80%) percent of plaintiff's damages caused by the negligence of both Duquesne Light (20%) and Rust Chimney (60%). The effect was that plaintiff was able to recover damages caused by the joint fault of his employer and the third party; and the employer was required to indemnify the third party as though it had been liable for negligence to its employee. In this manner, the employer's non-liability to its employee was avoided. The tort action should have produced an apportionment of causal negligence between Fulmer (the plaintiff) and Duquesne Light (the alleged, third party tortfeasor). After this had been determined, the liability of Rust Chimney should have been determined

separately in accordance with the terms of its agreement to indemnify Duquesne Light.

 Rust Chimney argues, in any event, that the indemnity agreement is invalid because it is contrary to public policy. Relying on decisions of the Supreme and Superior Courts in *Boyd v. Smith*, 372 Pa. 306, 94 A.2d 44 (1953) and *Warren City Lines, Inc. v. United Refining Co.*, 220 Pa.Super. 308, 287 A.2d 149 (1971), it argues that a party may not exculpate himself from liability for violations of statutes or regulations designed to protect public health or safety. The indemnity agreement is invalid and unenforceable, Rust Chimney contends, because it sought to shift liability from Duquesne Light to Rust Chimney for the former's violations of state safety regulations. We disagree. The indemnification clause in the agreement between Duquesne Light and Rust Chimney does not require Rust Chimney to indemnify Duquesne Light or make contribution unless it was negligent. It is not liable to make indemnification if Duquesne Light was solely negligent in causing Fulmer's injuries. Moreover, the agreement does not have the effect of defeating plaintiff's recovery, as was the case in *Boyd* and *Warren City Lines*. The indemnification agreement in the instant case neither shifted liability for a violation of statute nor diminished the statutory safeguards which Fulmer was entitled to receive. The agreement did not violate public policy.

Rust Chimney has also argued that the indemnification clause in its agreement with Duquesne Light can have no application to injuries caused to plaintiff by defective conditions existing on Duquesne Light's premises prior to commencement of the repair work. It is correct, as Rust Chimney contends, that the extent of liability under an indemnity agreement is determined by the intent of the parties. It is also correct that such an agreement is to be construed strictly against the party seeking its protection and is to be limited in scope to matters expressly covered therein. 18 P.L.E., *Indemnity* § 4. This agreement, as we have already observed, does not require Rust Chimney to

indemnify Duquesne Light in the event that the plaintiff was injured solely because of Duquesne Light's negligence. However, the evidence was such that a jury could find—and in fact did find—that Rust Chimney had also been negligent in causing the plaintiff's injuries. For this negligence, a jury could find, Rust Chimney was liable to Duquesne Light for indemnification or contribution.

■ Rust Chimney has also argued that the trial court erred when it refused to instruct the jury on the difference between primary and secondary liability. There is no merit in this contention. Rust Chimney's liability to Duquesne Light, if it exists, will be by virtue of its express agreement to indemnify Duquesne Light and not because it was secondarily liable to the plaintiff for the injuries which plaintiff sustained. Cf. *Banks Tower Communications Ltd. v. Home Insurance Co.*, 590 F.Supp. 1038, 1040 (E.D.Pa.1984) ("indemnity is recognized only between parties who are either primarily and secondarily liable to each other, or who have an express contract which provides for it"). Because Duquesne Light was claiming indemnity from Rust Chimney pursuant to an express agreement therefor, the trial court did not err when it refused to charge the jury on primary and secondary liability.

Rust Chimney has argued finally that the trial court failed to instruct the jury adequately regarding the duty of care required of Rust Chimney. We have already determined that the trial court erred when it required the jury to determine and apportion Rust Chimney's negligence in Fulmer's claim for damages. If, upon remand, the trial of Fulmer's claim against Duquesne Light is completed before the jury considers Duquesne Light's claim against Rust Chimney for indemnification, the court's instructions regarding the separate claims will be different than during the first trial. Therefore, we find it unnecessary to review further in this appeal the court's instructions regarding the duties and potential liability of Rust Chimney.

Fulmer has also complained about the trial court's instructions to the jury on the issue of negligence. Fulmer

alleged in his complaint that Duquesne Light was negligent in selecting Rust Chimney as its contractor, in failing to provide adequate lighting and/or guardrails inside the smokestack, and in failing to ascertain that Rust Chimney had taken precautions to make the workplace safe for its employees. In order to determine whether the trial court's instructions contained error, we must review the trial court's instructions in their entirety, against the background of the evidence presented. *Berry v. Friday,* 324 Pa.Super. 499, 472 A.2d 191 (1984).

■ We reject Fulmer's attempt to use Section 424 of the Restatement (Second) to impose upon Duquesne Light an absolute duty to guarantee that an independent contractor will take all safeguards and precautions to prevent injury to the contractor's employees. Duquesne Light's smokestack was in need of repair; it engaged Rust Chimney, an independent contractor, to do the work. Duquesne Light was not thereafter required to supervise the contractor and/or ascertain that the contractor had taken maximum precautions to provide its employees with working conditions that were absolutely safe. See: *Hader v. Coplay Cement Co.,* 410 Pa. 139, 189 A.2d 271 (1963). See also: *Brletich v. United States Steel Corp.,* 445 Pa. 525, 285 A.2d 133 (1971); *Palenscar v. Michael J. Bobb, Inc.,* 439 Pa. 101, 266 A.2d 478 (1970); *Grace v. Henry Disston & Sons, Inc.,* 369 Pa. 265, 85 A.2d 118 (1952).

With respect to the remainder of the trial court's instructions pertaining to the duty of care owed by Duquesne Light to its contractor's employees, our examination discloses statements of legal principles which are eminently correct and amply instructive. There is not to be found in those instructions any basis for awarding a new trial.

There remain the issues of the delay damages awarded to Fulmer and the counsel fees awarded to Duquesne Light. Because the matter must go back to the trial court for a new trial, these issues will be reconsidered at that time. Any review of delay damages and counsel fees by this Court at the present time would be premature. Therefore,

we decline at this stage of the proceedings to render an advisory opinion regarding the circumstances under which such damages may properly be awarded.

Reversed and remanded for a new trial. Jurisdiction is not retained.

KELLY, J., concurs in the result.