BECK, Judge [1]:
Appellant, David R. Mentzer, appeals from an order granting summary judgment in favor of defendants Frank A. Ognibene (“Frank”), Joel Galinn (“Galinn”), Arthur Ognibene (“Arthur”) and F.A.O. Land Management and Development Co., Inc. (“FAO”). Mentzer filed a complaint seeking to hold defendants liable for the negligence of an independent contractor, Leonard S. Fiore, Inc. (“Fiore”), under several theories of negligence set forth in Sections 411, 416 and 427 of the Restatement (Second) of Torts, as well as under a third-party beneficiary breach of contract theory. Mentzer also asserted that the defendants were directly personally negligent in failing to prevent the negligence of Fiore.
The Court of Common Pleas of Centre County granted defendants’ motion for summary judgment and Mentzer filed this timely appeal.[2] We affirm the trial court’s order.
*583 The undisputed facts of this case were appropriately summarized by the trial court as follows:
Defendants Frank A. Ognibene (“Frank”) and Joel Galinn (“Galinn”) were owners of property located at 953-959 Southgate Drive, State College, Centre County, Pennsylvania. They arranged for Defendants Arthur Ognibene (“Arthur”) and F.A.O. Land Management and Development Company, Inc. (“F.A.O.”), a corporation owned by Arthur and Frank, to have a building constructed on the property. Defendant Leonard S. Fiore, Inc. (“Fiore”), was the general contractor for the construction project. Plaintiff David R. Mentzer (“Mentzer”) was an employee of Fiore. On June 28, 1985, while engaged in his employment as a carpenter for Fiore at 953-959 Southgate Drive, Mentzer fell through a hole cut in the floor for an internal stairway. He fell eighteen feet to a concrete basement floor. As a result of the fall, Mentzer suffered severe injuries.
Trial Court Opinion, 5/14/90, at pp. 1-2. Additionally, it is undisputed that the opening which was to form the internal stairwell through which Mentzer fell was not surrounded by railings or standard toeboards or a sufficient floor hole covering.
On review of an order granting summary judgment, we must determine whether the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466, 468-69 (1979). In making this determination, we must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc., 320 Pa.Super. 291, 467 A.2d 330 (1983). All doubts as to the existence of a factual dispute must be resolved in favor of the non-moving *584 party and the entry of summary judgment is appropriate only in the clearest of cases. Thompson Coal, supra.
Against this backdrop, we analyze Mentzer’s allegations of error seriatim.
I. Restatement (Second) Torts § 4H
Mentzer sought to impose liability on Frank and Galinn, as owners of the land, for their selection of Fiore as the general contractor. As authority for this theory of liability, Mentzer relied on section 411 of the Restatement, which provides:
§ 411 Negligence in Selection of Contractor
An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (emphasis added)
(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
(b) to perform any duty which the employer owes to third persons, (emphasis added)
The central issue posed in this case is whether an employee of a contractor is to be included within the definition of “third persons” to whom the property owner owes a duty under section 411. We agree with the trial court that such an employee is not within the protected class of persons.
There is no binding Pennsylvania precedent dealing with the scope of the phrase “third persons” as used in section 411. Although there are two cases that address the question in dicta, unfortunately these cases do not discuss the issue in any depth and moreover do not steer a consistent course.
The first of these cases is Wilk v. Haus, 313 Pa.Super. 479, 460 A.2d 288 (1983). In Wilk, an employee of a contractor was killed while working on a roofing job at defendant’s premises. The employee’s estate sued defendant on a number of theories, one of which was that the contractor was an independent contractor who had been *585 negligently selected by the defendant owner. This theory was based on section 411. The court found summary judgment in favor of the defendant inappropriate for several reasons, including the fact that the evidence did not clearly show whether the contractor was in fact an independent contractor. The court further noted that on the factual record before it, there was an arguable basis for further proceedings against the defendant based on section 411.
Appellant urges us to construe Wilk as establishing that liability under 411 may be found even where the plaintiff is an employee of the contractor. We cannot adopt this construction. The Wilk court did not address whether liability under section 411 might eventually be barred because the plaintiff was an employee of the contractor. In fact, the Wilk court specifically refused to analyze this issue in any detail because the factual record before it did not clearly establish independent contractor status, which is a prerequisite to the applicability of section 411. Wilk, 313 Pa.Super. at 489-90 n. 2, 460 A.2d at 293-94 n. 2. Thus, we do not find that any implication regarding the scope of section 411 can be gleaned from the Wilk court’s remand of that case for further proceedings.[3]
The second case in which the applicability of section 411 to claims by a contractor’s employee has been discussed, and on which appellee herein relies, is Dudash v. Palmyra Borough Authority, 335 Pa.Super. 1, 483 A.2d 924 (1984). Dudash involved a personal injury claim by an employee of a sub-contractor against several defendants, including the owner of the property where the employee was injured. The court was asked to review several orders of the trial court, including an order granting partial summary judgment for the owner on the employee’s claim under section *586 411. The trial court had determined that the employee was not within the class of “third persons" to whom the owner's duty under section 411 ran. This court held that the order of partial summary judgment was interlocutory and refused to review it on its merits, although at another point in the opinion the court appeared impliedly to approve of the trial court’s holding on section 411. As in the case of Wilk, Dudash does not establish any binding precedent regarding the scope of section 411 liability.
Given the lack of binding precedent on the issue presented, we must analyze it as one of first impression in this Commonwealth. We turn, therefore, to an examination of the language of section 411 and the comments thereto, the opinions of other jurisdictions construing section 411, and general principles of Pennsylvania law concerning the duties of property owners to employees of independent contractors working on the property.
Section 411 by its own terms imposes liability on a property owner for negligent hiring of a contractor only to “third persons" who are harmed as a result of such negligence. Although this phrase is not defined, the comments and illustrations to section 411 clearly suggest that it is intended to apply to persons who are not involved in the construction project itself and yet who are injured as a result of the negligent act of the contractor. None of the many illustrations accompanying section 411 include any examples of how the liability of the owner would run to an employee of the contractor. See, e.g., illustration 1 (customer injured by violent employee of contractor); illustration 2 (passing driver injured by negligent contractor); illustrations 3 & 4 (hotel guests injured by negligent contractor hired by innkeeper); illustration 5 (pedestrian injured by negligent driver employed by contractor); illustrations 6, 7 & 8 (passerby or pedestrian injured due to negligence of contractor).
Moreover, in comment f to section 411, the operation of the section is specifically explained in the context of either repair or construction of a building on the owner’s property. Comment f limits the liability to be imposed *587 under section 411 to those situations where the injured person is “a person to whom the possessor owes a duty to exercise reasonable care to prepare and maintain a safe building.” Pennsylvania law imposes no general duty on a property owner to prepare and maintain a safe building for the benefit of a contractor’s employees who are working on that building. See discussion of common law duties of a property owner, infra, at 587-590.
This limitation on the scope of the duty imposed by section 411 has been adopted in many of the jurisdictions that have considered the question of whether section 411 imposes liability on the employee of the negligently hired contractor. For example, in Payne v. Lee, 686 F.Supp. 677 (E.D.Tenn.1988), the district court held that section 411 does not protect employees of the negligently hired contractor. The court based this construction of section 411 in part on the limiting nature of the illustrations and comments referred to above. However, the court also relied on policy grounds, i.e., that section 411 should operate to protect those innocent third persons who are themselves unaware of and unable to protect themselves against the negligence of the improperly hired contractor. In contrast, section 411 should not operate to protect those who, like employees of the contractor, are well aware of and fully able to protect themselves against the negligence of the contractor. See also Valdez v. Cillessen & Son, Inc., 105 N.M. 575, 734 P.2d 1258 (1987); Chapman v. Black, 49 Wash.App. 94, 741 P.2d 998 (1987).
We agree that the scope of section 411 is properly limited to claims by third persons other than employees of the negligent independent contractor itself. This construction is not only supported by the language of section 411 and its comments and illustrations. It is also in accordance with the general principle and policy of Pennsylvania law which insulates a property owner from liability for the negligence of its independent contractor and, moreover, which places responsibility for the protection of the contractor’s employees on the contractor and the employees them *588 selves, since they, rather than the owner, are in control of the workplace, have expertise in the performance of the work, and are in the best position to afford such protection. See Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 150-51, 189 A.2d 271, 277 (1963); Mathis v. Lukens Steel Co., 415 Pa. 262, 203 A.2d 482 (1964).
II. Restatement (Second) Torts, Sections 416 and 4%7
Mentzer also asserted that the owners were liable under sections 416 and 427 of the Restatement,[4] which impose the following duties:[5]
§ 416 Work Dangerous in Absence of Special Precautions One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.
§ 427 Negligence as to Danger Inherent in Work One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor’s failure to take reasonable precautions against such danger.
*589 The trial court granted summary judgment for defendants on this theory of liability because it found that under the facts presented there could be no section 416/427 liability as a matter of law. This finding was grounded upon the trial court’s view that this case does not involve harm resulting from a peculiar risk or special danger of which the defendants had reason to know. We find no error in this conclusion.[6]
We begin our discussion with the following accurate statement of general principles of Pennsylvania law, to which sections 416 and 427 of the Restatement are an exception:
As a general rule, the employer of an independent contractor is not liable for physical harm caused another by an act or omission of the contractor or his servants. Hader v. Coplay Cement Co., 410 Pa. 139, 189 A.2d 271 (1963); Gonzalez v. U.S. Steel Corp., 248 Pa.Super. 95, 1007 [sic], 374 A.2d 1334, 1340 (1977), aff'd, 484 Pa. 277, 398 A.2d 1378 (1979); McDonough v. U.S. Steel Corp., 228 Pa.Super. 268, 273-74, 324 A.2d 542, 545 (1974). See Restatement (Second) of Torts § 409. An independent contractor is in possession of the necessary area occupied by the work contemplated under the contract and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or the premises. Hader v. Coplay Cement Co., 410 Pa. at 151, 189 A.2d at 277.
Marshall v. Southeastern Pennsylvania Transportation Authority, 587 F.Supp. 258, 261-62 (E.D.Pa.1984).
The foregoing principles are well-grounded in reason. They recognize that the owner who has entrusted the *590 responsibility for the work to a qualified contractor justifiably depends upon the contractor’s expertise. The owner relinquishes control to the contractor and should not be held liable for harm resulting from unforeseen risks arising from the ordinary negligence of the contractor.
Sections 416 and 427 carve out a limited exception to this general rule of non-liability. Our analysis of the scope of this exception must be circumscribed by the rationale supporting the general rule, lest we allow the exception to emasculate the rule.
The key to the proper application of sections 416 and 427 lies in the definition of what is a “peculiar risk” or a “special danger.”[7] Shortly after the adoption of the exception in Pennsylvania law, this court explained the limited nature of the type of risk or danger that might be considered to fall within the exception:
The risk of harm must arise from the peculiar or inherent nature of the task or the manner of performance, and not the ordinary negligence which might attend the performance of any task. “[LJiability does not ordinarily extend to so called ‘collateral’ or ‘casual’ negligence on the part of the contractor ... in the performance of the operative details of the work. The negligence for which the employer [of a general contractor] is liable ... must be such as is intimately connected with the work authorized and such as is reasonably likely from its nature.”
McDonough v. United States Steel Corp., 228 Pa.Super. 268, 275-76, 324 A.2d 542, 546 (1974) (quoting Van Arsdale v. Hollinger, 68 Cal.2d 245, 252, 66 Cal.Rptr. 20, 24-25, 437 P.2d 508, 512-13 (1968)) (emphasis added).
This distinction, between those risks that arise from the ordinary or collateral negligence of the contractor and those that inhere in the peculiar nature of the work, was further *591 developed by the District Court for the Eastern District of Pennsylvania in Marshall v. Southeastern Pennsylvania Transportation Authority, supra. There, the court noted that guidance as to the meaning of peculiar risk might be found in comment b to section 413 of the Restatement, which the Restatement cites as being equally applicable to section 416 and which was expressly adopted in Pennsylvania in Hargrove v. Frommeyer, 229 Pa.Super. 298, 323 A.2d 300 (1974). Comment b states:
It is obvious that an employer of an independent contractor may always anticipate that if the contractor is in any way negligent toward third persons, some harm to such persons may result____ This Section has no reference to such a general anticipation of the possibility that the contractor may in some way be negligent. It is not concerned with the taking of routine precautions, of a kind which any careful contractor could reasonably be expected to take, against all of the ordinary and customary dangers which may arise in the course of the contemplated work. Such precautions are the responsibility of the contractor____ This Section is concerned with special risks, peculiar to the work to be done, arising out of its character, or out of the place where it is to be done, against which a reasonable man would recognize the necessity of taking special precautions.
See also Brletich v. United States Steel Corp., 445 Pa. 525, 532-33, 285 A.2d 133, 136-37 (1971) (citing comment b with approval and denying liability under section 416 where employee of contractor injured due to negligence of employee of sub-contractor in operation of crane).
Against this backdrop, in Ortiz v. Ra-El Development Corp., 365 Pa.Super. 48, 528 A.2d 1355, alloc. denied, 517 Pa. 608, 536 A.2d 1332 (1987), a panel of this court formulated the following definition of the terms “peculiar risk” and “special danger”:
We hold that a special danger or peculiar risk exists where:
*592 1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person, in the position of the employer, would foresee the risk and recognize the need to take special measures; and
2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary.
Id., 365 Pa.Superior Ct. at 53, 528 A.2d at 1358.
Stated another way, this definition of peculiar risk and special danger requires that “... the risk be recognizable in advance and contemplated by the employer at the time the contract was formed____[and that] it must not be a risk created solely by the contractor’s ‘collateral negligence’---[i.e.,] negligence consisting wholly of the improper manner in which the contractor performs the operative details of the work.” Marshall, 587 F.Supp. at 263.
Application of these definitional requirements to the facts of this case leads to the conclusion that the harm suffered by Mentzer did' not arise from a peculiar risk or special danger as the courts of this Commonwealth have defined those terms. Here, Mentzer fell allegedly because a stairwell opening in a two story building did not have a railing or toeboards around its perimeter at the time Mentzer was working near the opening. Clearly, the lack of such protective devices at the perimeter of the stairwell opening is the result of ordinary negligence by the contractor in the operative details of the work and is a classic example of collateral negligence by the contractor which the property owner did not and should not foresee and for which the property owner is not responsible.
There is nothing about the existence of a stairwell opening at a two-story building construction site that presents a peculiar risk to those working on the building. The risk of falling through such an opening is an incident of such work and the customary procedure for protecting such *593 an opening to guard against falling is well within the normal expertise of a qualified contractor. There was nothing about this particular construction project, or the surroundings or circumstances of its performance, that either created or heightened this risk. Moreover, the owner should not be charged with anticipating that the contractor would fail to erect the customary railings or toeboards because in hiring the contractor the owner relinquished control of the work site and shifted to the contractor the responsibility to take precisely this kind of normal precaution.
A contrary holding would expand the definition of peculiar risk and special danger beyond reasonable bounds. It would effectively allow liability to be imposed on property owners for every conceivable failing of the independent contractor in charge of a construction project. As the Marshall court has so persuasively explained:
The collateral risk limitation keeps the peculiar risk doctrine from totally undermining the general rule that the employer of an independent contractor is not liable for injuries to third persons caused by the contractor’s negligence.
Merely because a job involves some risk of harm does not mean that the risk is necessarily peculiar. This should be obvious. As the court observed in Sharkey v. Airco, Inc., 522 F.Supp. [646] at 655 [ (E.D.Pa.1981) ], “[e]very type of construction work involves a variety of risks of harm which are viewed by those engaged in the trade as normal incidents of the occupation.” In order for the liability concepts involving contractors to retain any meaning, especially in industries such as construction where almost every job task involves the potential for injury unless ordinary care is exercised, peculiar risk situations should be viewed narrowly, as any other exception to a general rule is usually viewed.
Marshall, 587 F.Supp. at 264. See also Fisher v. United States, 441 F.2d 1288 (3d Cir.1971) (risk of falling from *594 catwalk on construction project is ordinary risk that would attend any construction project and, therefore, not within section 416); Ortiz, supra (risk of falling from 14 foot scaffold during construction work is ordinary risk not within sections 416/427).
We find no error in the trial court’s grant of summary judgment for defendants on those counts of Mentzer’s complaint asserting liability under sections 416 and 427.
III. Personal Negligence of Defendants
Mentzer also asserted that the defendants were personally negligent in failing to prevent the contractor’s negligence or to warn Mentzer of the dangers allegedly created by that negligence. The trial court granted summary judgment on this theory because it found that Pennsylvania law imposed no duty on a property owner to protect an employee of an independent contractor against that contractor’s negligence in the performance of the work or to provide the employee with a reasonably safe place to work.
This is undoubtedly a correct interpretation of Pennsylvania law. We have previously stated the duty of a property owner to an independent contractor and its employees as follows:
A landowner owes a duty to warn an unknowing independent contractor of existing dangerous conditions on the landowner’s premises where such conditions are known or discoverable to the owner..... However, “An owner of land who delivers temporary possession of a portion of the land to an independent contractor owes no duty to the employees of the independent contractor with respect to an obviously dangerous condition on that portion of the land in the possession of the contractor.” It has also been said that the employer of an independent contractor has no duty to warn the contractor or his employees of a condition that is at least as obvious to them as it is to him. In addition, the owner of property is under no duty to protect the employees of an independent contractor from risks arising from or intimately connected with *595 defects or hazards which the contractor has undertaken to repair or which are created by the job contracted.
Colloi v. Philadelphia Electric Co. 332 Pa.Super. 284, 291-92, 481 A.2d 616, 619-20 (1984) (citations omitted). See also Mathis v. Lukens Steel Co., 415 Pa. 262, 272-73, 203 A.2d 482, 487-88 (1964); Young v. Eastern Engineering and Elevator Co., 381 Pa.Super. 428, 554 A.2d 77, alloc. denied, 524 Pa. 611, 569 A.2d 1369 (1989).
On the basis of these authorities, we have no difficulty in concluding that none of the defendants had any responsibility to prevent or warn of the dangers presented by the contractor’s own negligence in the manner in which the construction work was done. The allegedly dangerous condition was not a pre-existing defect in the owners’ premises which the owner had a duty to make safe or of which they had to warn. There is no evidence in this record that any of the defendants had the right to or did exercise any control over the operative details of the work or the condition of the worksite. There is also no evidence that any of the defendants had knowledge of the danger posed by the unguarded stairwell opening through which Mentzer fell. Finally, it is clear that this highly visible dangerous condition was one which was well known to the contractor, who in fact created it, and equally obvious to Mentzer, who was working in its vicinity. This is not a case where there was any latent danger on the owner’s premises of which he, and not the contractor or his employee, had knowledge. This is an obvious condition, created after the owner relinquished control to the contractor, as to which there is no duty to warn.
The trial court did not err in entering summary judgment for all defendants on Mentzer’s allegations of personal negligence.
IV. Third Party Beneficiary Breach of Contract
Lastly, Mentzer argues that he should be considered a third party beneficiary of an oral contract between the owners and their agents, Arthur and FAO, pursuant to *596 which the agents were charged with the responsibility of insuring that the work was being performed in a safe manner. Mentzer alleges that the agents breached this contract and that he, as a third party intended beneficiary of the contract, has a right of recovery against them for that breach.
We need not devote any lengthy analysis to this argument to reveal its flaws. First, there is no record evidence to support Mentzer’s allegation that such an oral agreement in fact ever existed. In addition, there is no record evidence to show that even if such an agreement existed, that it was the intent of the contracting parties to benefit Mentzer by their agreement. It is, of course, a fundamental principle of Pennsylvania law that third party beneficiary status cannot be found to exist in the absence of proof that both parties to the agreement intended it to benefit the third party and indicated that intention in the agreement. See Manor Junior College v. Kaller’s Inc., 352 Pa.Super. 310, 507 A.2d 1245, 1246-47 (1986). Lacking such evidence of intent, Mentzer’s allegation of third party beneficiary status cannot be sustained.
The trial court order granting summary judgment for defendants on all counts of Mentzer’s complaint is affirmed in all respects.
OLSZEWSKI, J., files a concurring and dissenting opinion.
TAMILIA, J., concurs in the result.

. This case was reassigned to this author on June 13, 1991.

. The order on appeal granted summary judgment on counts III, IV, V, VI and VII of Mentzer’s complaint. Count I had previously been dismissed by the trial court and Mentzer had withdrawn count II. The other defendants in the case, Leonard S. Fiore, Inc., Borough of *583 State College and Centre Region Council of Government, were all dismissed from the action by prior order of the trial court.

. Appellant also relies on Fulmer v. Duquesne Light Co., 374 Pa.Super. 537, 543 A.2d 1100 (1988), alloc. denied, 522 Pa. 576, 559 A.2d 37 (1989), to support his argument that section 411 applies to claims by employees of independent contractors. This reliance is clearly misplaced. In short, Fulmer makes no mention of section 411 and no conclusions as to the scope of that section can be drawn from the Fulmer opinion.

. Sections 416 and 427 were adopted as the law of Pennsylvania in Philadelphia Electric Co. v. James Julian, Inc., 425 Pa. 217, 228 A.2d 669 (1967). These sections, in contrast to section 411, impose vicarious liability on an employer for the negligence of an independent contractor.

. We need not consider whether sections 416 and 427, which impose liability for harm to "others,” are applicable to claims by employees of an independent contractors. Unlike section 411, discussed above, these sections have specifically been held to apply to claims by such employees under Pennsylvania law. See Colloi v. Philadelphia Electric Co., 332 Pa.Super. 284, 481 A.2d 616 (1984).

. The determination of whether a particular case presents a peculiar risk or special danger is a mixed question of law and fact and may, in clear cases, be made by the trial judge as a matter of law. See McDonough v. United States Steel Corp., 228 Pa.Super. 268, 276 n. 6, 324 A.2d 542, 546 n. 6 (1974); Ortiz v. Ra-El Development Corp., 365 Pa.Super. 48, 528 A.2d 1355, alloc. denied, 517 Pa. 608, 536 A.2d 1332 (1987).

. Both our case law and the Restatement itself regard sections 416 and 427 and the phrases "peculiar risk” and "special danger” as basically interchangeable. See Ortiz, 365 Pa.Super. at 52 n. 2, 528 A.2d at 1357 n. 2; Restatement (Second) Torts § 427 comment a.