## Thackray v. Toll Brothers Inc.

C.P. of Bucks County, no. 95-08224-09-2.

*Joseph L. Messa Jr.,* for plaintiff.
*John D. Lemonick,* for defendant.

KANE, *J.,* April 21, 1999—Plaintiff, Douglas Thackray, was employed by subcontractor J.W. Holmes when he was injured on November 11, 1993 while working on construction being built by Toll Brothers Inc., the

owner and contractor for Northampton Estates, and the defendant in this matter. The original complaint was filed on November 6, 1995. Defendant filed a motion for summary judgment on August 5, 1998. After reviewing the record and hearing oral argument in this matter, we granted defendant's motion for summary judgment on February 12, 1999. Plaintiff has appealed from that decision and we offer this opinion in support thereof.

On November 11, 1993, while in the process of framing a house, Thackray was carrying a pre-assembled wall when he fell through a hole in the floor designed to eventually house a staircase. The stairway hole had no safety railings, barriers, or other warning signs that might have prevented plaintiff's injury. Thackray alleges that Toll Brothers is liable for the physical harm he suffered as a result of his fall. Thackray asserts that Toll Brothers failed to exercise reasonable care in controlling the work site and that a "peculiar risk" was posed to him based on the circumstances he was working under, that Toll Brothers was required to cover or place safety rails around the stairway, and that Toll Brothers retained control over the construction site, making them liable for any related negligence.

In *Ortiz v. Ra-El Development Corp.,* 365 Pa. Super. 48, 52, 528 A.2d 1355, 1357 (1987), the court reiterated the general Restatement of Torts, which states an "employer of an independent contractor is not liable for the physical harm caused to another by an act or omission of the contractor or his servants." See also, *Donnelly v. SEPTA and Muratone,* 708 A.2d 145 (Pa. Commw. 1998). An exception to this general rule of non-liability arises where the work to be performed by the independent contractor involves a special danger or peculiar risk. Pennsylvania has adopted this exception to an

employer's non-liability as set forth in sections 416 and 427 of Restatement (Second) of Torts:

"Section 416. Work dangerous in absence of special precautions

"One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

"Section 427. Negligence as to danger inherent in the work

"One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger."

The determination of whether a particular case presents a peculiar risk or special danger is a mixed question of law and fact and may be made, in clear cases, by the trial judge as a matter of law. *Mentzer v. Ognibene,* 408 Pa. Super. 578, 597 A.2d 604 (1991). In making our determination, we considered similar cases and found the Pennsylvania Superior Court has stated: "To characterize all construction work . . . as involving a special danger or peculiar risk would render the terms 'special danger' or 'peculiar risk' meaningless . . . ."

The *Ortiz* test is a two-prong test. In utilizing this test to determine the existence of a peculiar risk, it must *first* be considered whether the risk was foreseeable and whether a reasonable person, in the position of the employer, would recognize the need to take special measures. In *Ortiz,* peculiar risk was defined to refer to work done under unusually dangerous circumstances, acknowledging that all construction work involves some risk of harm. We applied that definition here and found nothing unusually dangerous about the environment Thackray was working in. However, even if we found otherwise, the *second* prong of the test certainly cannot be met. That is, the risk must be different from the usual and ordinary risk associated with the general type of work done. It is beyond questioning to this court that the carrying of wallboard, even to a less experienced laborer, as we accept Thackray to have been, simply does not rise to the level of unusually dangerous circumstances and therefore we find the peculiar risk doctrine inapplicable here. See also, *Edwards v. Franklin & Marshall College,* 444 Pa. Super. 1, 663 A.2d 187 (1995).

Plaintiff would have us believe further that defendant was conducting operations in violation of governmental standards by not having some safety mechanism in place and therefore is liable here. We refer to *Peffer v. Penn 21 Associates,* 406 Pa. Super. 460, 465, 594 A.2d 711, 713 (1991) wherein it was held "[v]iolation of safety conditions alone . . . cannot be a basis for carving out exceptions to the rule that the owner is not liable for injuries incurred by employees of a subcontractor, as to do so would nullify the rule for all practical purposes since many, if not most, industrial accidents can be attributed to a failure to comply with safety regulations of either state or federal agencies."

We agree with this holding, and find the lack of barriers protecting the stairway hole to be a common practice and one which Thackray had worked in the presence of, and therefore to be insufficient evidence to find Toll Brothers liable in this matter.

Finally, Thackray asserts that Toll Brothers retained control to such an extent as to be liable for the negligence, contrary to the general rule of failing to properly maintain and supervise the work site. Thackray contends that the lack of deposition testimony of J.W. Holmes, the subcontractor, is prejudicial to plaintiff's position. Our review of the record in this matter and of the relevant case law leaves this court confident that Thackray cannot sufficiently produce evidence that would remove the circumstances of this litigation from the scope of the general rule under which Toll Brothers, as the employer of the independent contractor, is not liable for resulting harm.

Regarding summary judgment, the Pennsylvania Supreme Court has held that a non-moving party must adduce sufficient evidence on an issue to his case and upon which he has the burden of proof, such that a jury could return a verdict in his favor. Without this evidence, no genuine issue of material fact is established, and the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 674 A.2d 1038 (1996). We find that Thackray has not adduced such evidence here.

While we acknowledge plaintiff's valiant effort to forestall the end of this litigation, we agree with Toll Brothers' argument that for the many reasons stated, liability should not be imposed upon them in this matter and we therefore granted Toll Brothers' motion for summary judgment.