421 A.2d 1190

**EQUICO LESSORS, INC., a corporation**

v.

**George E. EWING, an individual, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed Sept. 5, 1980.

148

George E. Ewing, Pittsburgh, for appellant in pro. per.
Maury D. Nusbaum, Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The two actions and three appeals which have been consolidated herein for hearing and decision arose out of an equipment lease agreement for office furniture which George E. Ewing, (hereinafter Ewing), appellant herein, leased from Equico Lessors, Inc., (hereinafter Equico) appellee herein. Mr. Ewing fell in default on his payments and Equico confessed judgment against him for $6,469.78 under a Warrant of Attorney which he signed. Ewing moved to have the judgment opened, and the refusal of the Court to grant this motion is the basis for one of the appeals.

Equico also filed a Complaint in Replevin and a Motion for a Writ of Seizure, based on averments that the property was in jeopardy and deteriorating in value. The Writ of Seizure was granted, bond posted and the property reclaimed. Ewing's Motion to set aside the Writ of Seizure was denied and this ruling is the basis of a second appeal.

In response to the Complaint in Replevin, Ewing pleaded by way of New Matter and a Counter–Claim that Equico was subjecting him and his credit standing to a "campaign of harassment and slander". Upon Equico's Motion, the new Matter and Counter–Claim were stricken. This ruling is the basis of a third appeal.

Ewing, an attorney of more than twenty years experience at the Allegheny County bar served as his own counsel throughout.

1. *The Refusal to Open the Judgment.* Ewing has appealed from the refusal of the Court to open the Judgment taken by confession on September 5, 1978. His petition to strike or open the judgment was filed on September 28 and amended on October 12 to include the contentions that the lease agreement containing a confession of judgment clause is a contract of adhesion, that the confession of judgment clause is unconstitutional in that it provides for judgment without prior hearing and notice, that the initial execution of the lease agreement was induced by fraudulent statements, that a past practice of allowing Ewing to fall several payments behind was condoned by Equico and constituted a waiver of its right to take a default judgment, and that the confession of judgment was a part of a campaign by Equico to harass and slander Ewing.

Ewing failed to produce any evidence by testimony or deposition to support any of the allegations in his petition. Equico filed an answer on November 30, denying Ewings contentions. Equico sought to take Ewing's deposition on December 7, but Ewing failed to appear and offered no explanation, although he had due notice of the hearing. On December 15, on motion of Equico of which Ewing had notice, the Court ordered Ewing to proceed pursuant to Pa.R.C.P. 209 within fifteen (15) days or Equico might order the matter set for argument on petition and answer. In that event, Rule 209 provides all averments of fact responsive to the petition and properly pleaded in the Answer are to be deemed admitted. Ewing scheduled two depositions but twice cancelled both within a few hours of the time that they were scheduled to begin. Equico undertook to take Ewing's deposition but he failed to appear. No other depositions were scheduled. On February 9, 1979, Equico moved and the Court ordered the matter brought on for argument on the pleadings, the responsive averments in Equico's Answer to be taken as admitted, as provided in Rule 209. The

argument was held on March 16, 1979 and at the conclusion of the hearing, the Court dismissed Ewing's petition to strike or open the judgment.

 Ewing gave the Court no alternative. The burden is on the party seeking to open a judgment to support his allegations of fact by depositions and if he does not so proceed, after being ruled to do so, the factual allegations of his opponent will be taken as true: *Instapak Corp. v. S. Weisbrod Lamp & Shade Co.*, 248 Pa.Super. 176, 181, 374 A.2d 1376 (1977). Proceeding on that basis, the Court found Ewing's petition to strike or open the judgment to be without merit. We affirm that ruling.

2. *Refusal to strike the Writ of Seizure.* On September 25, 1978, Ewing received copies of the Complaint in Replevin and Motion for a Writ of Seizure, and with them a Notice of a Hearing on the Motion for Writ of Seizure to be held September 29, 1978. On September 28, Ewing requested a postponement of the hearing, and a new hearing date of October 6 was agreed upon by both parties and scheduled on the Court calendar. On September 29, Ewing requested that the October 6 hearing be postponed so that he might "make the Princeton–Harvard–Yale Circuit" with his son. Equico denied this request, verbally and by letter.

On October 6, 1978, the hearing on the Motion for a Writ of Seizure was held before Judge Richard G. Zeleznik. Ewing did not appear. Counsel for Equico advised the Court of the circumstances under which the hearing date had been agreed upon and the Court directed the hearing to proceed in Ewing's absence. Equico established its prima facie right to the Writ by the testimony of two of its employees that the property was deteriorating and in jeopardy. The Court ordered the Writ issued upon the filing of an appropriate bond. Such a bond was filed, the Writ issued, and on October 12 served on Ewing through the Sheriff's office and the replevined property reclaimed by Equico.

The next day, Ewing presented a Petition to set aside or vacate the Writ of Seizure. Ewing acknowledged that he

had notice of the hearing on October 6 which he elected not to attend. Judge Zeleznik attempted to resolve the differences between the parties by negotiation. After some three hours of discussion, an agreement was reached that Ewing was to pay Equico an agreed sum within a time stated and Equico was to withhold further action pending such payment. Judge Zeleznik confirmed this agreement by a letter to the parties under date of October 17. Ewing failed to make any of the payments agreed upon and did not communicate in any way with either the Court or Equico concerning the default. As a consequence on November 16 Judge Zeleznik signed an Order dismissing the petition to set aside or vacate the Writ of Seizure. Ewing filed an exception to that Order which was dismissed on March 16, 1979. The appellant has appealed the Order of dismissal.

■ We find no basis for challenging the issuance of the Writ of Seizure. Its original issue followed a full compliance with Pa.R.C.P. 1075. Ewing chose to ignore the hearing at which it was granted, although he had been a party to negotiating the date of the hearing. Two of Equico's employees who had inspected the property testified at the hearing that the property was in a deteriorating condition and would be adversely affected if left in appellant's possession. Ewing offered no evidence contrary to this testimony and the Court accepted the unchallenged testimony of Equico. Ewing has shown no basis for an exception to the issuance of the Writ of Seizure or the refusal to strike it.

■ 3. *The dismissal of Ewing's New Matter and Counter-Claim.* Ewing appeals from the Order of December 21 granting Equico's Motion to strike Ewing's defense, by way of New Matter and Counter-Claim, that he was being subjected to a "campaign of credit harassment and slander". Since none of the matters in Ewing's New Matter and Counter-Claim involved the issue of title or right to possession, they were irrelevant and appropriately stricken. As this Court said in *Gensbigler v. Shawley*, 162 Pa.Super. 642, 643, 60 A.2d 360 (1948):

"In a replevin action, the sole issue is one of title and right to possession . . . and all matters foreign thereto must be excluded from consideration and are not available as defenses."

These allegations of harassment and slander were equally inappropriate as a basis for counter–claim. Pa.R.C.P. 1082(a) states with respect to a replevin action:

"A claim secured by a lien on property may be set forth as a counter–claim. No other claim may be asserted."

The action of the Court below in striking this Counter–Claim based on harassment and slander is sustained by the Rule.

Affirmed.