525 A.2d 772

**Karen M. Albertson WIEGAND**

v.

**Raymond A. WIEGAND, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 29, 1986.

Filed May 11, 1987.

Scott D. Galloway, Springfield, for appellant.

Charles F. Mayer, Media, for appellee.

Before CIRILLO, President Judge, and ROWLEY and BECK, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

This is an appeal from an order entered upon the recommendations of a Master for equitable distribution. Appellant raises two issues: 1) whether he has waived all issues on appeal for failure to file exceptions to the Master's Report pursuant to Pa.R.C.P. 1920.55(a); and 2) whether the trial court lacked jurisdiction because the property to be equitably distributed had been the subject of a prior discharge in bankruptcy. We affirm.

On August 14, 1980, appellee filed a complaint in divorce and requested equitable distribution, counsel fees, and alimony. On April 21, 1983, a divorce decree was entered, but the court retained jurisdiction to consider the economic claims. Thereafter, a Master was appointed and a hearing was held on January 23, 1986. On January 28, 1986, the Master filed his report which included a cover page stating:

You are hereby notified that a Notice of Demand for Hearing may be filed with the Office of Judicial Support not later than the 18th day of February, 1986 unless the Court of Common Pleas, upon cause shown, shall extend the time for filing such Notice of Demand for Hearing.... If no written appeal to the Court is filed within the time permitted, as above set forth, the Court, without further notice to you, shall enter an appropriate final order.

On February 6, 1986, appellant claims to have written to the Master, individually, requesting a 60 day extension to file the Notice of Demand for Hearing due to certain enumerated reasons. Because no exceptions had been filed to the Master's Report, on February 19, 1986, the trial court entered an order upon the Master's recommendations. Appellant has appealed from the order of February 19, 1986.

██ Appellee argues that the appeal should be dismissed because appellant failed to file exceptions to the Master's Report as required by Pa.R.C.P. 1920.55. Appellant, however, contends that his letter of February 6, 1986 to the Master should be considered as both a request for extension of time to file a Notice of Demand for Hearing and as exceptions to the Master's Report. Appellant also argues that the Master had a duty to advise him of his erroneous filing or, alternatively, forward it to the trial judge. And finally, appellant asserts that he, acting *pro se*, should not be penalized for his lack of legal knowledge.[1]

Pa.R.A.P. 1921 states that the record on appeal shall consist of the original papers and exhibits filed in the trial court. The letter of February 6, 1986 which appellant argues we should consider as exceptions to the Master's Report was never filed in the trial court and is not included in the original record certified to us. Although appellant includes a copy of this letter in his reproduced record, simply reproducing the letter does not make it part of the record before us. *Pittsburgh's Airport Motel, Inc. v. Airport Asphalt and Excavating Co.*, 322 Pa.Super. 149, 469

---

1. Appellant is represented by counsel on appeal.

A.2d 226 (1983). This Court cannot consider facts not of record which are set forth in a party's brief. *Commonwealth v. Stanton*, 294 Pa.Super. 516, 440 A.2d 585 (1982). Therefore, we can give no consideration to the letter of February 6, 1986, and we do not reach the question of whether the letter constitutes exceptions for purposes of Pa.R.C.P. 1920.55.

We also find no merit to appellant's arguments that he should be excused from the necessity of filing exceptions because the Master neither told him that he had improperly filed the letter nor himself gave the letter to the judge or because he is a layperson unfamiliar with legal technicalities. The obligation properly to file pleadings, motions, and exceptions is on the parties. When a party chooses to represent himself, as here, he cannot impose on the necessarily impartial court or master the responsibility to act as the party's counsel and direct him repeatedly how to proceed or to proceed for him. When a party decides to act on his own behalf, he assumes the risk of his own lack of professional, legal training. Moreover, in this case the Master had already instructed appellant where and when to file exceptions and had informed appellant of the necessity of filing exceptions by virtue of the cover letter to the Master's Report. Finally, even if the Master had given the letter of February 6, 1986 to the trial judge as appellant argues he should have, the exceptions (assuming, without deciding that the letter constituted exceptions) still would not have been filed because handing a motion to the judge does not constitute filing it. *Commonwealth v. Nixon*, 311 Pa.Super. 450, 457 A.2d 972 (1983).

Appellant's second argument, that the Delaware County Court of Common Pleas lacked subject matter jurisdiction over the property because of the bankruptcy proceedings, is entirely without merit. An issue of subject matter jurisdiction is limited to the question of the court's power to determine controversies of the general class to which the case belongs. *Nagle v. American Casualty Company*, 317 Pa.Super. 164, 463 A.2d 1136 (1983). The

trial court has jurisdiction of divorce actions. *Laczkowski v. Laczkowski*, 344 Pa.Super. 154, 496 A.2d 56 (1985). Therefore, despite any bankruptcy proceedings, the trial court had jurisdiction in this case.

The issues raised in this appeal are wholly frivolous, and therefore, we remand to the trial court for a hearing to determine the reasonable amount of appellee's counsel fees which shall be taxed against the appellant pursuant to Pa.R.A.P. 2744(1).

Order affirmed. Remanded for a hearing to determine the amount of counsel fees to be taxed against appellant. Jurisdiction is relinquished.