542 A.2d 1033

**FORD MOTOR CREDIT COMPANY, Appellant,**

v.

**Richard A. DUNSMORE and Tina Dunsmore, Appellees.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1988.

Filed June 13, 1988.

Michael Coughlin, Blue Bell, for appellant.

Before BECK, KELLY and JOHNSON, JJ.

BECK, Judge:

The issue in this case is whether the Lemon Law and a warranty claim can be asserted by the purchaser of an automobile as defenses in a replevin action brought by the company financing the purchase of the car. We find they cannot and we therefore vacate the order of the trial court.

Appellant Ford Motor Credit Company ("FMCC"), the assignee of an installment contract for the purchase of an automobile, filed a Complaint in Replevin and a Motion for Writ of Seizure after the appellees, a Mr. and Mrs. Dunsmore ("Dunsmores"), failed to make the requisite payments under the contract. The Dunsmores filed an Answer to the Complaint, alleging in New Matter breaches of warranty and of the Pennsylvania Automobile Lemon Law ("Lemon Law"), 73 Pa.Stat.Ann. § 1951 *et seq.* (Purdon 1987).

At the hearing below on the Motion for Writ of Seizure, the Dunsmores introduced a copy of an Amended Complaint which they had filed in a separate action against West Chester Ford Company and Ford Motor Company, Inc. In that action, the Dunsmores sought a court order to compel the defendants to accept return of the allegedly defective vehicle and to return to the Dunsmores the purchase price pursuant to the Lemon Law. The Dunsmores introduced this complaint to support their argument that, by permitting FMCC to seize the automobile, the Dunsmores' potential remedy under the Lemon Law would be impaired. That is, they would no longer possess the automobile which they were trying to return to the dealer and manufacturer for refund. The trial court denied FMCC's motion, concluding that the Dunsmores' Lemon Law defense and related warranty claims could be raised as defenses in a replevin action and that the Dunsmore's right to pursue their rights under the Lemon Law superseded FMCC's common law rights of replevin. The trial court erred in so ruling.

It is well established in this Commonwealth that the sole issue in a replevin action is title and right to possession. All other matters must be excluded and are not available as defenses. *Koehring Company v. Ventresca,* 334 Pa. 566, 6 A.2d 297 (1939); *Equico Lessors, Inc. v. Ewing,* 281 Pa.Super. 147, 421 A.2d 1190 (1980); *Donegal Mutual Insurance Co. v. Miller,* 277 Pa.Super. 186, 419 A.2d 724 (1980). A warranty claim cannot be asserted as a defense in a replevin action. *Lee–Strauss Co. v. Kelly,* 292 Pa. 403, 141 A. 236 (1928); *Hall's Safe Company v. Walenk,* 42 Pa.Super. 576 (1910). Any such claims which the purchaser may have against the seller must instead be asserted in an independent proceeding. *Hahn v. Andrews,* 370 Pa. 65, 87 A.2d 284 (1952). Thus, the Dunsmores should have been precluded from asserting any warranty defenses.

■ Although the Lemon Law was enacted to grant relief to purchasers of defective new automobiles, the law does not directly address the question of whether the purchaser of the defective new car has a continuing obligation to make payments for the car after the purchaser asserts a defect under the Lemon Law. We conclude that the Lemon Law does not permit the purchaser of a defective automobile to discontinue making payments under a financing contract while pursuing Lemon Law remedies.

There is nothing in the Lemon Law that supports the conclusion that the Lemon Law has modified the common law remedy of replevin. The Lemon Law contains no provision allowing the purchaser of an allegedly defective automobile to suspend making payments under a financing arrangement for the automobile. Rather, the law grants certain other remedies to a purchaser of a defective new motor vehicle. For example, the automobile manufacturer must repair or correct certain nonconformities. 73 Pa.Stat. Ann. § 1954 (Purdon 1987). If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts (as defined elsewhere in the law), the

manufacturer must, at the option of the purchaser, either replace the motor vehicle with a comparable motor vehicle of equal value, or accept return of the vehicle from the purchaser and refund to the purchaser the full purchase price, less certain allowances. 73 Pa.Stat.Ann. § 1955 (Purdon 1987).

Thus, the trial court erroneously held that Section 1955 of the Lemon Law provided a defense to the replevin action. The court reasoned that, in order to return the automobile and obtain a refund under the statute, the Dunsmores had to retain possession of the car. However, nothing in the statute allows a consumer to compromise the contractual rights of a creditor, be it a dealer-lender or a third-party financial institution, by refusing to pay for an automobile because of a claim against the manufacturer.[1] The Dunsmores could have retained possession of the automobile simply by making the payments as contractually required. If their complaint against the manufacturer is valid, the Dunsmores will eventually be fully recompensed under the Lemon Law.

If, on the other hand, the Lemon Law permitted the Dunsmores to stop payments to the secured creditor, FMCC, while pursuing Lemon Law remedies against the manufacturer, FMCC would bear the risk of suffering irreparable harm if the Dunsmores' Lemon Law action proves unsuccessful. In such a case, as a secured creditor,

1. In this case, the Dunsmores executed an installment contract with West Chester Ford, a dealership. West Chester Ford then assigned the installment contract and its security interest to FMCC. The Dunsmores argued below that, under Federal Trade Commission Regulations, FMCC, as an assignee, could be subjected to any claim which the Dunsmores could assert against the dealership. 16 C.F.R. § 433.2. However, had the dealership remained as the creditor, neither a warranty claim nor the Lemon Law would have provided a defense in a replevin action. Therefore, the defenses were unavailable against FMCC. The identity of the creditor makes no difference, as the cases cited above repeatedly hold that any warranty claim must be presented in an independent proceeding and cannot be litigated in a replevin action. *See e.g., Lee–Strauss Co. v. Kelly,* 292 Pa. 403. Moreover, the Lemon Law gives the consumer a recourse against the manufacturer, not the dealership.

FMCC would be left with collateral that would be substantially, if not completely, depreciated in value. This would be especially true if the Lemon Law action is not completed for several years. FMCC would then be left with a virtually unsecured claim if the Dunsmores lose the action.

While on public policy grounds it might be desirable to have the secured creditor rather than the purchaser bear the risk of loss, the legislature has not provided that consumers be given such a remedy against creditors under the Lemon Law.[2] We decline to add judicial remedies to the statute. *See Commonwealth v. Rieck Investment Corporation*, 419 Pa. 52, 213 A.2d 277 (1965) ("it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include"). As it currently stands, the Lemon Law provides the consumer with remedies against the manufacturer only. Thus, at the hearing below, the only issue which should have been entertained and decided was whether FMCC established title and right to possession of the automobile as against the Dunsmores. It was error for the trial court to consider warranty and Lemon Law defenses.

Therefore, we vacate the order and remand this case for the trial court to enter an order granting the relief requested by appellant. Jurisdiction relinquished.

JOHNSON, J., concurs in the result.

2. Providing a consumer with a remedy against a third party creditor in a dispute involving the consumer and a seller or manufacturer has been done under federal regulations. In certain circumstances under the Truth in Lending regulations, 12 C.F.R. § 226.12, when a person honoring a credit card for a purchase fails to resolve a dispute with the consumer as to that purchase, the consumer may assert against the card issuer all claims and defenses arising out of the transaction. Presumably, by giving consumers some recourse against creditors in such consumer transactions, the creditors in turn will exert pressure on the dealers or manufacturers to resolve the consumer's dispute. The Pennsylvania Lemon Law does not contain any provisions similar to this federal regulation.