### Laurel Bank v. Karstetter

*Blair V. Pawloski,* for plaintiff.
*Charles Bierbach,* for defendant.
*Walter L. Oswalt III,* for additional defendant.

KOPRIVA, *J.*, August 15, 1990 — Now before this court for disposition are the preliminary objections of the additional defendant, Altoona Ford Inc., to the first amended complaint of original defendants, Richard and Dorothy Karstetter. The issue to be decided is whether the Pennsylvania Automobile Lemon Law, 73 P.S. §951 et seq., provides the Karstetters, as consumers, with a cause of action against the dealer, Altoona Ford, that sold them the "lemon."

## PROCEDURAL HISTORY

Laurel Bank filed the complaint in this matter on July 20, 1988 whereby they allege the Karstetters had defaulted on a loan which they had obtained from plaintiff for the purchase of a 1987 Ford pickup truck from Altoona Ford. The original defendant responded by way of an answer, new matter and complaint against third-party defendant on September 6, 1988. In the new matter, original defendants raise the Lemon Law as a defense to plaintiff's complaint. The Karstetter's complaint against third-party defendant, Altoona Ford, is also based on the Lemon Law and attempts to rescind the sale of the truck and recover the purchase price in addition to having the loan contract with plaintiff canceled.

Altoona Ford filed preliminary objections to the Karstetter's complaint on October 21, 1988. The objections consisted of two demurrers and a motion for more specific complaint. Altoona Ford argued that the Lemon Law places no liability on a dealer, but rather places responsibility for restitution solely on the manufacturer of the vehicle. Thus, Altoona Ford claimed they are not a proper party to this action and the complaint against them should be dismissed.

Oral argument on the preliminary objections was held May 11, 1989. This court entered an order dismissing the demurrers and granting the motion for more specific pleading.* The original defendants then filed an amended complaint on June 8, 1989. Preliminary objections to that complaint were filed by Altoona Ford on June 21, 1989, in which essentially the same objections were again raised. These objections were submitted to this court February 8, 1990. We now proceed to disposition.

## DISCUSSION

In ruling on whether Altoona Ford may be held liable to the Karstetters under the provisions of the Lemon Law, we will begin by looking at the language of the statute. Section 1952 defines separately the term dealer and the term manufacturer. Therefore, the terms are not interchangeable and we cannot assume that the term manufacturer encompasses the term dealer. The chapter then goes on to outline the relief available to purchasers. Section 1954 specifies the obligation of the *manufacturer* to repair or correct a defective automobile. Section 1954(a) states in relevant part:

"The manufacturer of a new motor vehicle sold and registered in the Commonwealth shall repair or correct, at no cost to the purchaser, a nonconformity which substantially impairs use, value or safety of said motor vehicle. . ."

---

\* Although no opinion was issued, the reasoning of this court for the dismissal of the demurrers was to give the original defendants the additional time to properly plead a cause of action against the additional defendant. The granting of the demurrers, at that time, would have been premature as this court was not convinced that the original defendants had no cause of action against Altoona Ford.

Although the actual repairs may be performed at the manufacturer's authorized service and repair facility (see section 1954(b)) the obligation of paying for the necessary repairs falls clearly on the manufacturer.

At the heart of the instant case is section 1955 which sets forth the remedies available to the consumer as follows:

"If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts, the *manufacturer shall,* at the option of the purchaser, replace the motor vehicle with a comparable motor vehicle of equal value or accept return of the vehicle from the purchaser and refund to purchaser the full purchase price. . ." 73 P.S. §1955. (emphasis supplied)

The above-quoted portion of section 1955 clearly states that remedies provided for by the Lemon Law need only be supplied by the manufacturer.

The Karstetters argue that Altoona Ford is an authorized Ford service and repair facility and therefore they may be held liable under the Lemon Law. We find no merit in this argument. An authorized service and repair facility is mentioned only in section 1954(b) with regard to the delivery of nonconforming vehicles. This section gives the purchaser the option of delivering the vehicle to the service and repair facility rather than taking it directly to the manufacturer. We find that this provision is inserted mainly for the convenience of the purchasers and does not establish any liability on the part of a manufacturer's authorized service and repair facility. Therefore, the fact that Altoona Ford may be an authorized Ford Motor Company service and repair facility does not provide a basis of

liability on which the Karstetters may obtain the requested relief.

Finally, the original defendants claim that since dealers have an obligation to report the existence of a nonconforming vehicle to the manufacturer under section 1957, a failure to fulfill said obligation should result in liability under the Lemon Law. We note that the original defendants cite no case law in support of their position nor were we able to find any case in which a dealer was liable to a purchaser under the provisions of the Lemon Law. On the contrary we found two cases which held that the Lemon Law provides the consumer with remedies against the manufacturer only. See *Davido v. Porreco Motors Inc.,* 45 D.&C. 3d 592 (1986); *Ford Motor Credit Company v. Dunsmore,* 374 Pa. Super. 303, 542 A.2d 1033 (1988).

Admittedly, the case law is not surprising, inasmuch as the provisions of this chapter are clear. The purchaser of a nonconforming vehicle may obtain relief under the Lemon Law only from the manufacturer of the vehicle. The law places no liability on dealers to compensate the purchasers of the "lemon." It is the duty of the consumer to contact the manufacturer and negotiate with it in order to obtain relief. The process is no doubt lengthy and oftentimes frustrating for the consumer. Should a lawsuit result, the consumer is further disadvantaged in that he/she is forced to sue a huge corporate entity rather than the local party with whom he/she dealt. This surely is a major weakness in the attempted "consumer" protection intended.

After our review of Pennsylvania's Automobile Lemon Law, we concur with Judge Levin's opinion in *Davido v. Porreco Motors, supra.* As written, the law does not provide Pennsylvania's auto buyers

with an effective and meaningful remedy when a defective vehicle is purchased. This court must, however, deal with the law as it now exists. Any expansion of the protections afforded the consumer must come through the legislature.

In light of the foregoing, we now enter the following

ORDER

And now, August 15, 1990, it is hereby ordered, directed and decreed as follows:

(1) The demurrer of additional defendant, Altoona Ford, to the complaint of original defendant is sustained.

(2) The complaint against the additional defendant is hereby dismissed.