609 A.2d 828

**Curtis W. REEVES, Appellant,**

v.

**MORELLI–HOSKINS FORD, INC., and Ford Motor Company.**

Superior Court of Pennsylvania.

Argued Jan. 22, 1992.

Filed June 16, 1992.

Joseph L. Higgins, West Chester, for appellant.

Elizabeth A.C. Venditta, Philadelphia, for appellee.

Before McEWEN, BECK and KELLY, JJ.

BECK, Judge:

■ The issue is whether under the Lemon Law the manufacturer of an allegedly defective car has a duty to refund the full purchase price to the buyer of the car where the car has been repossessed by the bank that financed the purchase of the car as a result of the buyer's failure to make installment payments.

Appellant Curtis W. Reeves initiated this action against appellees, retailer Morelli–Hoskins Ford, Inc. and manufacturer Ford Motor Company, asserting that he is due a refund under the Pennsylvania Automobile Lemon Law (the "Lemon Law"), 73 P.S. § 1951 *et seq.* The trial court granted summary judgment in favor of appellees. We affirm.

In May, 1987 appellant Reeves purchased a van from appellee Morelli–Hoskins Ford. Reeves made financing arrangements with Germantown Savings Bank ("GSB"). GSB was noted as a lienholder on the Certificate of Title. In December, 1988 Reeves filed the instant complaint under the Lemon Law. A year later, in December, 1989 Reeves stopped making loan payments to GSB. On June 6, 1990, GSB repossessed the van. Thereafter, pursuant to the installment loan agreement, Morelli–Hoskins Ford repurchased the contract from GSB and took possession of the van.

Appellees filed a motion for summary judgment. They argued that since Reeves was no longer the owner of the vehicle, he was barred from recovery under the Lemon Law. The trial court agreed and granted summary judgment.

On appeal, appellant Reeves contends that the trial court erred in granting appellees' motion for summary judgment

without ruling on the question of law raised by an admission allegedly made by appellees in the course of oral argument on the motion for summary judgment to the effect that they had accepted the return of the subject vehicle after it was repossessed by GSB. Reeves argues that under section 1955 of the Lemon Law this "admission" entitles him to recover the full purchase price.

The standard of appellate review applicable to this case is as follows:

> On review of an order granting summary judgment, we must determine whether the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 468–69 (1979). In making this determination, we must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. *Pennsylvania Gas & Water Co. v. Nenna & Frain, Inc.*, 320 Pa.Super. 291, 467 A.2d 330 (1983). All doubts as to the existence of a factual dispute must be resolved in favor of the non-moving party and the entry of summary judgment is appropriate only in the clearest of cases. *Thompson Coal, supra.*

*Mentzer v. Ognibene*, 408 Pa.Super. 578, 597 A.2d 604, 607 (1991).

The core of appellant's argument is section 1955 of the Lemon Law:

> § 1955. *Manufacturer's duty for refund or replacement.* If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts, the manufacturer shall, at the option of the purchaser, replace the motor vehicle with a comparable motor vehicle of equal value or accept return of the vehicle from the purchaser and refund to the purchaser the full purchase price....

Since this section clearly limits the remedy of returning the vehicle and receiving a refund of the full purchase price

to the *purchaser* of the vehicle, the trial court regarded the determinative question in this case to be whether Reeves retained his status as a purchaser and, therefore, is entitled to a refund of the purchase price. The Lemon Law defines "purchaser" as follows:

§ 1952. *Definitions.*

"Purchaser." A person, or his successors or assigns, who has obtained ownership of a new motor vehicle by transfer or purchase or who has entered into an agreement or contract for the purchase of a new motor vehicle which is used or bought for use primarily for personal, family or household purposes.

■ The trial court concluded that this section limits purchasers entitled to relief under section 1955 of the Lemon Law to persons who retain possession and ownership of the vehicle in question. We agree with this construction.

■ In *Industrial Valley Bank v. Howard,* 368 Pa.Super. 263, 533 A.2d 1055 (1987), *appeal denied,* 520 Pa. 576, 549 A.2d 136 (1988), a panel of this court emphasized that in interpreting the definition of purchaser found in section 1952, courts should be reluctant to extend the definition of "purchaser" to include parties that do not fall within the wording of the statute. We agree. Therefore, reading the definition of "purchaser" to mean only those persons to whom it expressly refers, we find that the definition implies continuing ownership and possession of the vehicle. Turning to section 1955, we find that it expressly grants the remedy of return and refund to a "purchaser." Thus, construing section 1952 and section 1955 together, we find that only a person who owns and possesses a motor vehicle used primarily for personal, family or household purposes can avail himself of the remedy provided in section 1955. When the car in the instant case was repossessed, appellant lost his status as a "purchaser" and, therefore, cannot recover under section 1955.

In reaching this conclusion, we also find the decision in *Ford Motor Company v. Dunsmore*, 374 Pa.Super. 303, 542 A.2d 1033 (1988), to be instructive. In *Dunsmore*, a panel of this court held that the Lemon Law does not permit a buyer of an allegedly defective automobile to discontinue making payments under a financing contract while pursuing Lemon Law remedies. The Dunsmores attempted to utilize the Lemon Law as a defense to a replevin action by the Ford Motor Company. The court held that the Lemon Law is not a defense to a replevin action. In reaching this conclusion, the *Dunsmore* court emphasized that the legislature had not included a provision allowing the purchaser of an allegedly defective automobile to suspend making payments under a financing arrangement for the automobile. Instead, the legislature provided other remedies for the purchaser of a defective vehicle. For example, the automobile manufacturer must repair or correct certain nonconformities and if the manufacturer fails to do so after a reasonable number of attempts, the manufacturer must either replace the vehicle or accept return of the vehicle and refund the purchase price, less certain allowances. 73 P.S. §§ 1954 & 1955. According to *Dunsmore*, in not providing for suspension of payments under a financing agreement, the legislature intended that the consumer and not the creditor bear the risk of suffering irreparable harm if the Lemon Law action proves unsuccessful.

The rationale supporting the holding in *Dunsmore* is equally applicable to the case at hand. Appellant, as well as the Dunsmores, could have maintained their status as purchasers and therefore their right to a remedy under the Lemon Law by making payments on the vehicles as contractually required. *See Dunsmore*, 374 Pa.Super. at 305–07, 542 A.2d at 1035. The Lemon Law contains no provision allowing relief for those plaintiffs who suspend their loan payments. Any expansion of the definition of purchaser to include those who no longer own or possess their vehicles must be a legislative decision. *See Industrial Valley Bank, supra.*

Thus, we find that the trial court's analysis in support of its grant of summary judgment for appellees was correct. However, appellant argues that in this case there is an additional fact of central importance that argues in favor of granting him relief under the Lemon Law despite his loss of possession and ownership of the vehicle. Appellant asserts that during oral argument on appellees' motion for summary judgment, they admitted that they had accepted the return of the subject vehicle and that the trial court should have addressed the effect of this alleged acceptance of the vehicle on appellant's rights under the Lemon Law. We disagree.

There is absolutely no support for appellant's assertion regarding the "admission" by appellees in the certified record before us. There is no transcript of the oral argument at which the alleged admission was made and there is no documentary evidence submitted to the trial court establishing the alleged fact that appellees accepted the return of the vehicle. Moreover, appellees do not concede on appeal that they accepted the return of the vehicle. Although appellee Morelli–Hoskins Ford, Inc. states in its brief that it was required by contract to repurchase the vehicle from GSB after GSB repossessed the vehicle from appellant, they do not concede that they thereby "accepted the return of the vehicle" within the meaning of section 1955. Moreover, there is no indication that the *manufacturer*, appellee Ford Motor Company, has taken any action regarding the vehicle which could possibly be construed as an acceptance of the return of the vehicle. Since under the express terms of section 1955 it is the *manufacturer* who must accept return of the vehicle and refund the purchase price to the purchaser, the lack of any record support for appellant's allegation that the *manufacturer* accepted the return of the vehicle is crucial.

We can consider only the certified record on appeal and it is the responsibility of the appellant to provide us with a complete record. *See Fox v. Gabler,* 377 Pa.Super. 341, 547 A.2d 399 (1988); *Wiegand v. Wiegand,* 363 Pa.Super. 169,

525 A.2d 772 (1987), *appeal denied,* 517 Pa. 624, 538 A.2d 877 (1987). We certainly cannot reverse the trial court, with whose reasoning we completely agree, based on unsupported allegations of additional facts contained in appellant's appellate brief.

For the above reasons, we find that the trial court did not err.

Order affirmed.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting.

The careful analysis and exceptional expression of the view of the majority will likely reveal dissent as improvident, but I, nonetheless, am compelled to this expression since I cannot agree that the Lemon Law definition of "Purchaser" is restricted to individuals who "retain possession and ownership of the vehicle". Thus, I would vacate the order granting summary judgment and permit appellant to proceed in the trial court to seek refund of "the full purchase price". The majority notes that this Court has displayed a reluctance to expand the definition of "Purchaser" to include the "lessee" of a motor vehicle. *Industrial Valley Bank v. Howard,* 368 Pa.Super. 263, 533 A.2d 1055 (1987), *appeal denied,* 520 Pa. 576, 549 A.2d 136 (1988). If this Court is to persist in the reluctant mode, we would here refrain from expanding the legislative definition of "Purchaser" by adding, to the legislative requirement of ownership, a judicial requirement of "continued possession and ownership". Nor, in my opinion, is a study of this appeal illuminated by the holding of this Court in *Ford Motor Credit Co. v. Dunsmore,* 374 Pa.Super. 303, 542 A.2d 1033 (1988), since the manufacturer there was not, as it is here, a party to that litigation, and this Court was there obliged, *maeste dictu consumptore,* to view Ford Motor Credit Company, the financial institution, as an entity separate and distinct from Ford Motor Company, the manufacturer. This Court need not heed public policy arguments to afford

the consumer the right to pursue his claim against this automobile manufacturer but need simply refrain from altering and restricting the definition provided by the legislature. Thus it is that I would vacate the order granting summary judgment.