# Butterfield v. Meadville Medical Center

C.P. of Crawford County, no. A.D. 1993-226.

*Irving M. Portnoy, Timothy J. Cornetti* and *Anita A. Scaglione,* for plaintiff.
*John M. Quinn Jr.* and *Kathryn J. Kisak,* for defendants Meadville Medical Center and Kenneth W. Laird.
*Francis J. Klemensic,* for defendant Ruth Ann Moutsos.
*Korry Alden Greene,* for defendant Robert Concilus.

VARDARO, *J.,* September 23, 1996—

## FACTS

Plaintiff initiated this action by writ of summons on March 3, 1993, averring that plaintiff's husband, decedent, died as a result of negligent medical care by the defendants. On the morning of March 15, 1991, plaintiff found her husband unconscious and took him to the emergency room of defendant Meadville Medical Center by ambulance. During that visit, the decedent was attended by defendant Drs. Laird, Concilus and Moutsos. As part of such care, defendant Concilus administered an intercostal nerve block to relieve the decedent's pain. Decedent was discharged the same day without being admitted to the hospital.

The next day, the decedent suffered hypoxia and respiratory arrest resulting in his return to the emergency room and his admission to the Meadville Medical Center. Plaintiff contends that the decedent was improperly and prematurely released from the emergency room on March 15, 1991, and, as a result, suffered brain damage and death.

We now have before us a motion for summary judgment filed by defendant Concilus.

## DISCUSSION

In reviewing a motion for summary judgment we must review the record in the light most favorable to the non-moving party and all doubts as to the existence of the genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992). The entry of summary judgment is appropriate only in the clearest of cases. *Reeves v. Morelli-Hoskins Ford Inc.,* 415 Pa. Super. 431, 609 A.2d 828 (1992).

The motion for summary judgment which is now before us was filed on July 30, 1996, and therefore is governed by the new Rules of Civil Procedure 1035.1 through 1035.5 which now govern summary judgment motions effective July 1, 1996. Rule 1035.2 states:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

While "[t]he former rule was unclear as to whether it encompassed the type of motion which is based upon a record which is insufficient to sustain a prima facie case . . . [n]ew Rule 1035.2(2) is explicit in authorizing

such a motion." Explanatory comment to Rule 1035.2.[1] Thus, Rule 1035.2(2), in addition to allowing the traditional claim for summary judgment when there is no genuine issue of material fact, clearly allows relief by summary judgment when the pleadings have been closed, discovery completed, and the record discloses that the party who will bear the burden of proof at trial has failed to establish a prima facie case.

Even before this rule took effect, in a decision decided under the former Rule 1035 governing motions for summary judgment, the Supreme Court of Pennsylvania in a decision issued on April 17, 1996, provided guidance on how the new rule would be applied. In *Ertel v. Patriot-News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996), the plaintiff, a public figure, sued the defendant-newspaper for defamation. The newspaper moved for summary judgment and the trial court granted summary judgment in favor of the newspaper holding that the plaintiff had not shown that he could establish an element essential to his case. Specifically, that an alleged defamatory statement printed by the newspaper was false.[2]

The Superior Court reversed the trial court but a petition for allowance of appeal was granted by the Pennsylvania Supreme Court and that court reversed the Superior Court holding that:

"Allowing non-moving parties to avoid summary judgment where they have no evidence to support an issue on which they bear the burden of proof, runs contrary to the spirit of Rule 1035. [and] Thus . . .

1. In interpreting a rule, we are authorized to consult the official comments to such rule. 1 Pa.C.S. §1939.

2. "[I]t is the burden of a public figure plaintiff, such as Ertel, to show that the statements at issue are false." *Ertel, supra* at 99, 674 A.2d at 1041 (citing *Philadelphia Newspapers Inc. v. Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986)).

a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 100-102, 674 A.2d at 1042.[3]

In the case now before us, defendant Concilus advances two arguments in support of his motion for summary judgment. First, plaintiff has failed to plead that defendant Concilus participated in the discharge or the decision to discharge the decedent from the Meadville Medical Center on March 15, 1991. Second, that the plaintiff will be unable to establish by the requisite expert testimony that the care and treatment rendered by defendant Concilus contributed to the decedent's demise.

At oral argument on September 4, 1996, before this court, counsel for defendant Concilus conceded that the plaintiff had in fact pled that defendant Concilus participated in the discharge of the decedent.[4] We therefore need not address defendant Concilus' first argument. Concerning his second argument, defendant Concilus correctly notes that "[to establish a prima facie case of malpractice,] a plaintiff must present an expert

---

3. As we have noted the Supreme Court analyzed the defendant's motion for summary judgment under former Rule 1035, but in a footnote the court noted that former Rule 1035 had been amended to include Rule 1035.2(2) and that the court's "holding in the matter sub judice is consistent with the amended Rule 1035." *Id.* at 101 n.3, 674 A.2d at 1042 n.3.

4. Subparagraph 28(s) of the plaintiff's second amended complaint alleges that "the defendants" were negligent in "discharging the patient when the patient's condition required observation, monitoring or further evaluation."

witness who will testify, to a reasonable degree of medical certainty, that the acts of the physician deviated from good and acceptable medical standards, and that such deviation was the proximate cause of harm suffered." *Hoffman v. Brandywine Hospital,* 443 Pa. Super. 245, 250, 661 A.2d 397, 402 (1995).

Therefore, medical expert testimony is necessary to establish the plaintiff's prima facie case. In pursuit of such, the plaintiff has filed two expert reports on defendant Concilus' treatment of the decedent. The first such report, by Gary Young M.D., finds no negligence on the part of defendant Concilus. The second such report, by Jonas Brachfield M.D., makes his criticism of defendant Concilus contingent on Dr. Concilus knowing of, and participating in the decision to discharge the decedent. Thus, without proving that defendant Concilus knew of and participated in the decision to discharge the decedent, the plaintiff would be unable to prove by expert testimony that defendant Concilus was negligent and would thus fail to show a prima facie case. Defendant Concilus contends, on page six of his motion, that there is "no question of fact as to Dr. Concilus *not* having participated in the decision to discharge the decedent from the emergency room on March 15, 1993." We find this argument to be cognizable as a claim for summary judgment under Rule 1035.2(2).[5]

Therefore, as the Supreme Court described in *Ertel,* the plaintiff as the party bearing the burden of proof is obligated to come forward with "sufficient evidence . . . such that a jury could return a verdict in [her]

5. We find that, as required by Rule 1035.2, the relevant pleadings are closed and the discovery necessary for the evaluation of this motion has been completed.

favor" to defeat the claim for summary judgment. *Id.* at 101-102, 674 A.2d at 1042.

Further, the plaintiff is obligated by Pa.R.C.P. 1035.3 to advance such information. That rule in its pertinent part, reads:

"(a) The adverse party may not rest upon the mere allegations or denials of the pleadings, but must file a response within 30 days after service of the motion identifying.

"(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced."[6]

First of all, we note that the plaintiff did not file a response pursuant to Rule 1035.3 within the 30 days allotted and for that reason alone, Rule 1035.3(d) allows summary judgment to be entered against the plaintiff. However, since that appears to be discretionary, we will examine the record further to see if the plaintiff has put forth any evidence that defendant Concilus had any nexus with the decedent's discharge from the Meadville Medical Center on March 15, 1991. On this point, the plaintiff on page 5 of her brief, states: "The outstanding issues of material fact with regard to Dr. Concilus' treatment of plaintiff's decedent, are whether Dr. Concilus knew of plaintiff's decedent was to be discharged and/or if he participated in this discharge. Plaintiff will establish such facts at the trial of this matter. She is under no obligation to do so prior to that time." Examining the briefs and pleadings, we find that the plaintiff, true to her assertion, has failed to identify

---

6. We find that only subsection (a)(2) of Rule 1035.3 is applicable as the "response provisions of subdivision (a)(1) and (2) correspond to the bases for summary judgment in Rule 1035.2(1) and (2)." Explanatory comment to Rule 1035.3.

evidence that Dr. Concilus participated in, or was knowledgeable of, the decision to discharge the decedent. Nor has the plaintiff, as permitted by Pa.R.C.P. 1035.3(b), supplemented the record or set forth the reasons why she cannot present evidence essential to justify opposition to the motion. Thus, the plaintiff has failed to adduce sufficient evidence on a matter essential to her cause of action and accordingly, we enter the following order:[7]

## ORDER

And now, September 23, 1996, the motion for summary judgment of defendant Robert Concilus is granted and the defendant Robert Concilus is dismissed from this case with prejudice.

.

---

7. In *Nanty-Glo Borough v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932), our Commonwealth's highest court held that summary judgment cannot be granted based upon evidence which depends solely on oral testimony because the issue of credibility must be left to the finder of fact. In the context of such rule, "oral testimony" includes both testimonial affidavits and deposition testimony. *Porterfield v. Trustees of the Hospital of the University of Pennsylvania,* 441 Pa. Super. 529, 657 A.2d 1293 (1995). The plaintiff contends that such rule of law prohibits the introduction of the deposition testimony submitted by defendant Concilus in support of his motion. However, because this decision does not rest on oral evidence, and thus credibility is not an issue, *Nanty-Glo* does not apply. We therefore need not address the plaintiff's argument on this topic.

While therefore not specifically pertinent to our decision in this case, it appears that the Supreme Court's decision in *Ertel, supra,* has effectively either overruled *Nanty-Glo, supra,* or at the very least limited its applicability to summary judgment motions in which the moving party would bear the burden of proof at trial and there is an issue of credibility involved in deciding the motion.