**U.S. Bank N.A. v. Detz**

*Benjamin R. Bibler,* for plaintiff.
*Suzanne Detz,* pro se.

CULLEN, *J.,* August 11, 2005—Pending before the court is plaintiff's motion for summary judgment on its complaint to recover from defendant the balance past

due on an automobile lease agreement. For the reasons stated in this opinion, the motion will be granted.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 15, 1999, defendant, Suzanne Detz, entered into a written closed-end lease agreement to lease a 2000 Chevrolet Blazer. On October 8, 2004, plaintiff, U.S. Bank N.A., filed a complaint alleging that defendant had defaulted under the terms of the lease agreement by failing to make payments as promised, and as a result owed plaintiff the sum of $10,600.48 together with interest and costs.

On November 12, 2004, defendant, acting pro se, filed an answer. Defendant failed to address the specific allegations of the complaint, but did state that the vehicle had mechanical defects which were not repaired despite six attempts. Specifically, she claimed that the vehicle's lights would flicker or go off while driving and that the vehicle would sometimes stall in park.

As a result, and after unsuccessful attempts to obtain assistance under the Automobile Lemon Law, 73 P.S. §1951 et seq., defendant returned the vehicle on October 31, 2001. On January 4, 2005, plaintiff served a request for admissions and request for production of documents to which defendant failed to respond.

On April 11, 2005, plaintiff filed its motion for summary judgment. Plaintiff's brief was filed May 16, 2005. Defendant has failed to file any response to the motion.

On July 1, 2005, plaintiff filed a praecipe asking that the motion be referred to the court for disposition.

## DISCUSSION

According to Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, after the pleadings are closed any party may move for summary judgment where (1) there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) after completion of discovery, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to the jury. Pa.R.C.P. 1035.2.

"A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury." *McCarthy v. Dan Lepore & Sons Co. Inc.*, 724 A.2d 938, 940 (Pa. Super. 1998). (citation omitted) "If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the moving party is entitled to judgment as a matter of law." *Id.* (citing *Ertel v. Patriot-News Co.*, 544 Pa. 93, 674 A.2d 1038 (1996), *cert. denied*, 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996)).

A material fact is one that directly affects the outcome of the case. *Gerrow v. Shincor Silicones Inc.*, 756 A.2d 697 (Pa. Super. 2000).

A court must view the record "in the light most favorable to the non-moving party, and all doubts as to the

existence of a genuine issue of material fact must be resolved against the moving party." *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 145, 615 A.2d 303, 304 (1992). (citation omitted)

The purpose of the summary judgment procedure is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). The court is to ignore controverted facts contained in the pleadings and restrict its consideration to material filed in support of and in opposition to the motion for summary judgment and the uncontroverted allegations of the pleadings. *Id.; Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986).

Once a motion for summary judgment is made and properly supported, the opposing party cannot rest on the allegations or denials in the pleadings, but must file a response identifying evidence in the record controverting the evidence cited in support of the motion or establishing facts essential to the cause of action or defense which the motion cites as not having been produced. Pa.R.C.P. 1035.3; *Rapagnani v. Judas Company,* 736 A.2d 666 (Pa. Super. 1999).

Plaintiff argues that defendant, by failing to specifically deny any of the averments in the complaint and by failing to respond to discovery, is deemed to have admitted all of the essential facts of plaintiff's cause of action.

Rule 1029 requires that a responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. Pa.R.C.P. 1029(a). The rule provides further that aver-

ments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. Pa.R.C.P. 1029(b).

Defendant's answer violates the requirements of Rule 1029 of the Pennsylvania Rules of Civil Procedure by simply ignoring the averments of fact in the complaint. Under these circumstances, the facts in the complaint are deemed admitted.

Rule 4014(b) provides that requests for admission are deemed admitted unless the party to whom they are directed files an answer or objection within 30 days of service of the request. Pa.R.C.P. 4014(b). Defendant failed to respond to plaintiff's requests for admission and, therefore, has admitted that she is in default under the lease for failing to make monthly payments, and that she has not submitted any written dispute as to the accuracy of payments on the agreement.

Accordingly, there are no disputed issues of material fact.

Further, Rule 1035.3(d) provides that summary judgment may be entered against a party who fails to respond to the motion. Pa.R.C.P. 1035.3(d).

Even if the court were to treat defendant's answer as raising as new matter a claim that the vehicle was defective so as to entitle her to remedies under the Lemon Law, plaintiff would nonetheless be entitled to judgment in its favor.

In *Ford Motor Credit Co. v. Dunsmore,* 374 Pa. Super. 303, 542 A.2d 1033 (1988), the Superior Court held that the Lemon Law does not permit a purchaser[1]

---

1. In *Brooks v. Ford Motor Co.,* 41 D.&C.3d 189 (1986), the Court of Common Pleas of Cumberland County held that under section 1952 of

of an allegedly defective automobile to discontinue making payments under the financing contract while pursuing Lemon Law remedies. The court stated:

"Although the Lemon Law was enacted to grant relief to purchasers of defective new automobiles, the law does not directly address the question of whether the purchaser of the defective new car has a continuing obligation to make payments for the car after the purchaser asserts a defect under the Lemon Law. We conclude that the Lemon Law does not permit the purchaser of a defective automobile to discontinue making payments under a financing contract while pursuing Lemon Law remedies. . . .

"The Lemon Law contains no provision allowing the purchaser of an allegedly defective automobile to suspend making payments under a financing arrangement for the automobile. Rather, the law grants certain other remedies to a purchaser of a defective new motor vehicle. For example, the automobile manufacturer must repair or correct certain nonconformities. 73 P.S. §1954 (Purdon 1987). If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts (as defined elsewhere in the law), the manufacturer must, at the option of the purchaser, either replace the motor vehicle with a comparable mo-

---

the Automobile Lemon Law, 73 P.S. §1952, a lessee with an option to purchase may be considered a "purchaser" under the Act. Paragraph 10 of the lease agreement gave defendant the option to purchase the vehicle for $2,948.14 at the end of the lease term. (Complaint, exhibit 1.) Subsequent to the signing of the lease agreement, the Automobile Lemon Law, 73 P.S. §1951 et seq., 1984, March 28, P.L. 150, no. 28; amended 2001, Dec. 13, P.L. 868, no. 94, was amended to include the purchasers and lessees of defective new motor vehicles.

tor vehicle of equal value, or accept return of the vehicle from the purchaser and refund to the purchaser the full purchase price, less certain allowances. 73 P.S. §1955 (Purdon 1987). . . .

"However, nothing in the statute allows a consumer to compromise the contractual rights of a creditor, be it a dealer-lender or a third-party financial institution, by refusing to pay for an automobile because of a claim against the manufacturer." *Id.* at 305-306, 542 A.2d at 1035. (citations omitted) (footnote omitted)

Since the Automobile Lemon Law only provides a consumer recourse against the manufacturer of a defective vehicle, and not against a creditor or other third party, the court finds that defendant has failed to raise or provide evidence to support a valid defense for failing to make payments under the lease agreement.

The court, therefore, enters the following:

## ORDER

And now, August 11, 2005, upon consideration of plaintiff's motion for summary judgment, it is ordered that the motion is granted. Judgment is entered in favor of plaintiff, U.S. Bank N.A., and against defendant, Suzanne Detz, in the amount of $10,600.84 plus interest and costs.